UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WORCESTER DIVISION

|  |  |
|---|---|
| JOHN HEATON and CHRISTOPHER HORIGAN on behalf of themselves and others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>MOTOR VEHICLE ASSURANCE, NATIONAL AUTO PROTECTION CORP., and SUNPATH, LTD,<br><br>      Defendants. | Civil Action No. 4:17-cv-40169 |

**MEMORANDUM OF LAW IN SUPPORT OF SUNPATH, LTD.'S
MOTION TO DISMISS COMPLAINT[1]**

Defendant, SunPath Ltd. ("SunPath"), through the undersigned, and pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), hereby files this Memorandum of Law in Support of Motion to Dismiss Complaint, and states as follows:

## I. INTRODUCTION

On or about December 18, 2017, Plaintiffs, John Heaton ("Heaton") and Christopher Horigan ("Horigan") (collectively, the "Plaintiffs"), filed a Complaint against, *inter alia*, SunPath seeking to allege purported violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 and M.G.L., c. 93A ("Chapter 93A") arising from the purported

---

[1] Pursuant to Fed. R. Civ. P. 12(a)(4) and 12(b)(6), SunPath has not yet responded to Plaintiff Heaton's TCPA claim (Count I), to the extent Plaintiff Heaton alleges such a claim within Count I, as SunPath respectfully elects to await the outcome of this Court's ruling on the instant Motion. *See National Cas. Co. v. OneBeacon American Ins. Co.*, No. 12-11874-DJC, 2013 WL 3335022, at *6 (D. Mass. Jul. 1, 2013) ("[A] partial motion to dismiss suspends the time to answer the claims not subject to the motion[.]"); *see also Beaulie v. Board of Trustees of University of West Florida*, No. 3:07-cv-30, 2007 WL 2020161, at *2 (N.D. Fla. July 9, 2007) (collecting cases examining Rule 12(a)(4) and Rule 12(b)(6) and concluding that "a party need not file an answer while a partial motion to dismiss is pending," and "Defendant's motion to dismiss, therefore, automatically extends its time to answer under Rule 12(a)(4) until after the court has ruled on Defendant's motion to dismiss.").

telephone calling activity of named co-defendants Motor Vehicle Assurance ("MVA") and National Auto Protection Corp. ("NAP") despite, at the very least and as set forth more fully in the declaration of Thomas Finneran (the "Finneran Declaration") (Dkt. 21), Horigan having "signed up" to receive the alleged telephone calls at issue by voluntarily providing his telephone number and authorizing NAP to contact Plaintiff at the provided telephone number even if such contact was through an automatic telephone dialing system. Plaintiffs' allegations notwithstanding, such an explicit act of consent deprives Plaintiff Horigan of standing to pursue his purported claims as he could not have possibly suffered an injury in fact arising from his receipt of exactly what he requested—a telephone call. While Plaintiff Horigan appears to seek to shield this fact from the Court's attention, the documents and declaration filed by NAP concerning Plaintiff Horigan's consent impact this Court's jurisdiction over the action and are central to Plaintiffs' claims, and, thus, are properly considered by this Court at this stage of the litigation. Because Plaintiff Horigan did not suffer an injury in fact as a result of receiving a solicited telephone call that he expressly consented to and requested to receive, Plaintiff Horigan lacks standing to pursue the claims asserted in this lawsuit and his TCPA claim should be dismissed for lack of subject matter jurisdiction.

As to both Plaintiffs' Chapter 93A claims, such claims appear to be predicated on a purported violation of the TCPA that, standing alone, cannot serve as the basis for such claims. Additionally, Plaintiffs fail to appropriately allege performance of the conditions precedent necessary to bring a Chapter 93A claim in the first place. Instead, Plaintiffs simply plead baseless conclusions without any analysis and improperly lump all (or some) of the named defendants in this litigation into the amorphous and undefined "Defendants" stating "Plaintiffs made a written demand for relief" to an unalleged person or entity "pursuant to Massachusetts

33872540v2

General Laws chapter 93A section 9(3) and the Defendants have failed to make a timely and adequate response[.]" Notably, Plaintiffs neither allege the contents and timing of the "written demand for relief" sent to someone or something nor the contents and timing of the Plaintiffs declared "[un]timely and [in]adequate response" presumably provided to the Plaintiffs by the undefined and amorphous "Defendants." Indeed, Plaintiffs do not so much as even generally allege the performance of any condition precedent prior to filing this lawsuit. Because of the absence of sufficient factual allegations—as opposed to the abundance of conclusions and innuendo—Plaintiffs' Chapter 93A allegations fail to state a plausible claim for relief and should be dismissed pursuant to the standards enunciated in *Twombly*, *Iqbal*, and their progeny.

## II.  LEGAL STANDARD

### A.  Fed. R. Civ. P. 12(b)(1)

Fed. R. Civ. P. 12(b)(1) permits a party to move to dismiss an action based on lack of federal subject matter jurisdiction. The party asserting jurisdiction has the burden of demonstrating the existence of federal jurisdiction "because federal courts are courts of limited jurisdiction [and] federal jurisdiction is never presumed." *Viqueira v. First Bank*, 140 F. 3d 12, 16 (1st Cir. 1998). When confronted with a Rule 12(b)(1) motion to dismiss asserting a factual attack on subject matter jurisdiction,[2] a court may look beyond the pleadings to determine jurisdiction and "the formality of converting the motion to one for summary judgment need not be observed." *Katz v. Pershing, LLC*, 806 F. Supp. 2d 452, 456 (D. Mass. 2011); *see also*

---

[2] A rule 12(b)(1) motion to dismiss is considered either a "facial attack" or a "factual attack" on the allegations set forth in a complaint. *Compagnie Mar. Marfret v. San Juan Bay Pilots Corp.*, 532 F. Supp. 2d 369, 372-73 (D.P.R. 2008). A "facial attack" occurs when "a defendant argues that the plaintiff did not properly plead jurisdiction…whereas a factual attack asserts that jurisdiction is lacking on the basis of facts outside of the pleadings." *Id.* Here, because SunPath argues the Finneran Declaration (*i.e.*, facts outside of the pleadings), SunPath's 12(b)(1) argument is a "factual attack" on Plaintiff Horigan's allegations.

3

*Merlonghi v. United States*, 620 F. 3d 50, 54 (1st Cir. 2010) ("The court may also consider whatever evidence has been submitted").

"[S]tanding is a threshold issue determining whether the court has the power to hear the case, and whether the putative plaintiff is entitled to have the court decide the merits of the case." *Libertad v. Welch*, 53 F. 3d 428, 445 (1st Cir. 1995) (citing *United States v. AVX Corp.*, 962 F. 2d 108, 113 (1st Cir. 1992)). A plaintiff lacking standing deprives the court of jurisdiction to rule on the merits of the case. *Id.* To establish standing for subject matter jurisdiction, a plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, --U.S.--, 136 S. Ct. 1540, 1547, 194 L. Ed. 2d 635 (2016) (citing *Lujan v. Defenders of the Wildlife*, 504 U.S. 555, 560-61 (1992)). Indeed, the foremost concern in standing analysis is the requirement that the plaintiff establish an injury in fact. *Reddy v. Foster*, 845 F. 3d 493, 500 (1st Cir. 2017) (citing *Spokeo, Inc.*, 136 S. Ct. at 1547). To establish an injury in fact, a plaintiff must show that she suffered "an invasion of a legally protected interest that is concrete and particularized and actual or imminent, bot conjectural or hypothetical." *Spokeo, Inc.*, 136 S. Ct. at 1548 (internal quotations and citation omitted).

Here, because Plaintiff Horigan consented to be called by NAP, including through the use of an automatic telephone dialing system, Plaintiff Horigan could not and did not suffer an invasion of a legally protected interest, and thus lacks standing to pursue his TCPA claim (Count I).

## B.  Fed. R. Civ. P. 12(b)(6)

To adequately plead a claim for relief, Federal Rule of Civil Procedure 8(a) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled

to relief." Fed. R. Civ. P. 8(a). A purpose of Rule 8 is to provide "fair notice of what the…claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

Although facts alleged in a complaint are generally taken as true at the Motion to Dismiss stage, this principle is <u>inapplicable</u> to "legal conclusion[s] couched as factual allegation[s]." *Twombly*, 550 U.S. at 555 (quoting *Papason v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L.Ed.2d 209 (1986)); *see also Ocasio-Hernandez v. Fortuno-Burset*, 640 F. 3d 1, 12 (1st Cir. 2011). In assessing a motion to dismiss, the Court determines whether the Complaint "contain[s] sufficient <u>factual</u> matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (emphasis added); *see also Campagna v. Mass. Dep't of Environmental Protection*, 334 F. 3d 150, 155 (1st Cir. 2003) ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."); *Sepulveda-Villarini v. Dep't of Education of P.R.*, 628 F. 3d 25, 29 (1st Cir. 2010) (recognizing the standard being "a plausible, not merely conceivable, case for relief."). Indeed, such factual allegations "must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, and the Court need not accept as true "statements in the complaint that offer 'legal conclusions' or 'threadbare recitals of a cause of action." *see also Ocasio-Hernandez*, 640 F. 3d at 12 (internal quotations and citations omitted)..

A plaintiff bears the burden to articulate enough facts to state a claim to relief that is plausible on its face, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 570. While Rule 8 does not require "detailed factual allegations," it does require more than

"labels and conclusions" or "a formulaic recitations of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

Here, much of the Complaint contains mere legal conclusions couched as "allegations," which must be disregarded by the Court, and the remaining allegations do not plausibly give rise to a Chapter 93A claim against SunPath.

## III. ARGUMENT

### A. Plaintiff Horigan Lacks Standing to Pursue His TCPA Claim

By providing his contact information in connection with expressions of interest in the services offered by NAP and other marketing partners of "webuyautoloans.com," NAP and such other marketing partners had the right and permission to contact Plaintiff Horigan. Indeed and as set forth more fully in the Finneran Declaration, on April 27, 2017, Plaintiff Horigan expressly agreed and consented to receive telephone calls from an automated telephone dialing system by voluntarily providing his telephone number while visiting the website "wehaveautoloans.com" (Dkt. 21, ¶ 4) and affirmatively clicking a box stating, in pertinent part:

> In accordance with the Telephone Consumer Protection Act (TCPA) of 1991 as amended effective Oct 16, 2013, by checking the box above, I agree to be contacted by your marketing partners and/or participating auto dealers…and other third parties about services via email and/or the phone number provided above, including my wireless number if provided. Contact methods may include…phone calls generated from an automated telephone dialing system….By checking the box, I intend to sign this consent, I certify that the information is correct and have read and understand the privacy policy. I understand that this consent is not required as a condition of purchasing any goods or services. See our Privacy Policy for complete information about your privacy.

(*Id.*, ¶ 6; *Id.*, Ex. C).[3] This language created an enforceable agreement because it was displayed to Plaintiff Horigan, at least in part, and Plaintiff Horigan was required to signify his assent by

---

[3] Clickwrap agreements—requirements for users to "select a check box…to indicate that they agree to the website's terms and conditions"—are generally upheld by this Court. *See, e.g., Small Justice LLC v. Xcentric Ventures LLC,*

clicking on the respective box. (*Id.*, ¶P 3, 6). *See, e.g., Okereke v. Uber Technologies, Inc.*, No. 16-12487-PBS, 2017 WL 6336080, at *6 (D. Mass. June 13, 2017) (Clickwrap agreements are deemed enforceable by Massachusetts courts "where the record established that the terms of the agreement were displayed, *at least in part*, on the user's computer screen and the user was required to signify his or her assent by '*clicking*' '*I accept.*'") (emphasis in original). Plaintiff Horigan later reaffirmed his consent in a recorded telephone call between Horigan and NAP by stating, truthfully, "I think I signed up for you guys to call me…." (Dkt. 21, ¶ 9; *Id*, Ex. E). Plaintiffs' Complaint does not (because it cannot) allege that Horigan withdrew his previously provided consent or otherwise indicated to NAP not to contact Plaintiff Horigan. Instead, Plaintiff Horigan now attempts to assert a manufactured and contrived claim alleging that the solicited telephone call received from NAP purportedly on behalf of SunPath was in violation of the TCPA despite NAP calling Horigan on the exact telephone number Horigan voluntarily provided and requested to be contacted.[4] Quite remarkably, Plaintiff Horigan also attempts to assert that he was somehow harmed by the solicited telephone call he requested to receive because he was "temporarily deprived of legitimate use of [his] phone…, charged for the calls and [his] privacy was improperly invaded[,]" and the call was "frustrating, obnoxious, annoying, [was] a nuisance and disturbed the solitude of plaintiff [Horigan.]" (*Id.*, ¶ 45).

Contrary to Plaintiff Horigan's assertion, there is no invasion of privacy, disturbance of solitude, or the like as a result of an alleged telephone call placed to a telephone number that was willingly and knowingly volunteered. *See In the Matter of Rules and Regulations Implementing*

---

99 F. Supp. 3d 190, 196 (D. Mass. 2015); *Okereke*, 2017 WL 6336080 at *6; *Bekele v. Lyft, Inc.*, 199 F. Supp. 3d 284, 296-97 (D. Mass. 2016).

[4] For purposes of this Motion to Dismiss only, SunPath considers the allegations that NAP contacted Plaintiff Horigan using an automatic telephone dialing system as truth due to the applicable standard on a Rule 12(b)(6) motion to dismiss, and not for any other purpose. (Dkt. 1, ¶ 40).

33872540v2

*the Telephone Consumer Protection Act of 1991*, 7 FCC Rcd. 8752, 8769 ¶ 31 (1992) ("[P]ersons who knowingly release their phone numbers have in effect given their invitation or permission to be called at the number which they have given, absent instructions to the contrary. Telemarketers will not violate our rules by calling a number which was provided as one at which the called party wishes to be reached."); *Winner v. Kohl's Dep't Stores, Inc.*, No. 16-1541, 2017 WL 3535038, at *6 (E.D. Penn. Aug. 17, 2017) ("Because they consented to receiving the texts, Plaintiffs can no [sic] concrete and particularized injury-in-fact and thus have no established that they have standing to pursue the claims asserted in the FAC."). This is logical and consistent with the legislative history of the TCPA, which states, *inter alia*, the purpose of the bill is to "protect the privacy interests of residential telephone subscribers by placing restriction on <u>unsolicited</u>, automated telephone calls to the home." S. Rep. 102-178 at 1 (1991); *see also Zauderer v. Cirrus Consulting Group (USA), Inc.*, 265 F. Supp. 3d 104, 107 (D. Mass. 2017) ("The purpose of the TCPA was to 'ban[] certain practices invasive of privacy'….") (citing *Physician's Healthsource, Inc.*, 247 F. Supp. 3d 138, 147 (D. Mass. 2017). As set forth more fully in the Finneran Declaration, the telephone call at issue in the Complaint was affirmatively consented to by Plaintiff Horigan.

Plaintiff Horigan simply cannot show that he suffered an invasion of a legally protected interest by receiving a telephone call that he requested to receive. Accordingly, this Court should dismiss Horigan's TCPA claim (Count I) for lack of subject matter jurisdiction.

### B.  Plaintiffs' Derivative Chapter 93A Claims Fails

Chapter 93A seeks to prohibit "unfair or deceptive acts or practices in the conduct of any trade or commerce." Mass. Gen. Laws 93 c. 93A, § 2. While statutory violations may in certain circumstances provide evidentiary support for a Chapter 93A claim, "case law is clear that a

statutory violation is not a *per se* violation of ch. 93A." *Jones v. Experian Information Solutions, Inc.*, 141 F. Supp. 3d 159, 163 (D. Mass. 2015) (citing *Swenson v. Yellow Transp., Inc.*, 317 F. Supp. 2d 51, 55 (D. Mass. 2004)). This is particularly relevant here as "[v]iolating the TCPA only requires proof that Defendants made calls to a cellular telephone using a predictive dialer. It does not involve any element of unfairness or deception." *Id.* (emphasis added). Stated differently, "'mere negligence' cannot maintain a 93A claim; rather, the defendant must have committed some 'extreme or egregious' fault." *Id.* at 164 (emphasis added).

Contrary to the pleadings requirements set forth in *Twombly*, *Iqbal*, and their progeny, Plaintiffs' Complaint does not (because it cannot) assert factual allegations establishing any "extreme or egregious" behavior of SunPath; particularly as Plaintiff Heaton only alleges he received one (1) uneventful telephone call in supposed violation of the TCPA and Plaintiff Horigan similarly only alleges he received one (1) uneventful telephone call in violation of the TCPA. (Dkt. 1, ¶¶ 27, 38). Each of the Plaintiffs' alleged receipt of one (1) telephone call in supposed violation of the TCPA—alleged telephone calls devoid of any facts reflecting any deceptive conduct—can hardly be said to establish "extreme or egregious" behavior of SunPath, and the exact allegations of unfairness Plaintiffs seek to assert in the Complaint have already been determined by this Court not to support a Chapter 93A claim. *See Jones*, 141 F. Supp. 3d at 164 ("Plaintiff insists that the calls are unfair because they are 'harassing and annoying and invades the privacy of Plaintiff and…[causes him] to incur costs for receiving calls'…. While these facts show that the calls certainly bothered Plaintiff, they do not support the idea that Defendants committed any extreme or egregious acts.").

Indeed, Plaintiffs Chapter 93A claim is entirely predicated upon allegations of SunPath's purported violations of the TCPA even though SunTrust is not alleged to have made any

telephone call. (Dkt. 1, ¶¶ 89 ("Defendants have violated c. 93A, § 2 by sending automated calls to Plaintiffs and other Massachusetts putative class members.") and 90 ("Defendants conduct also violated the TCPA and as such, constitutes unfair and deceptive conduct in violation of c. 93A, § 2.")). However and as previously discussed, even if an alleged violation of the TCPA could exist, without more, such a violation cannot serve as the basis for a Chapter 93A claim. *Jones*, 141 F. Supp. 3d at 163. Accordingly, the Chapter 93A claims should be dismissed for failure to state a claim upon which relief can be granted.

Further, because Plaintiff Horigan's TCPA claim fails for want of standing as set forth in Section III(A), *supra*, Plaintiff Horigan's derivative Chapter 93A claim similarly fails. *See Jones v. FMA Alliance*, 978 F. Supp. 2d 84, 87 (D. Mass. 2013) ("Plaintiff's Chapter 93A claim is based expressly on Plaintiff's TCPA claim. Because Plaintiff did not establish the existence of a viable TCPA claim, his derivative Chapter 93A claim fails as a matter of law."). Accordingly, to the extent Plaintiff Horigan asserts a derivative Chapter 93A claim,[5] such claim should be dismissed by this Court.

Finally, M.G.L. c. 93A § 9 requires Plaintiffs, at least thirty (30) days prior to filing a Chapter 93A lawsuit, to deliver to each named defendant, including SunPath, "a written demand for relief, identifying the claimant and reasonably describing the unfair or deceptive act or practice relied upon and the injury suffered[.]" M.G.L. c. 93A § 9(3). Such requirement "is not merely a procedural nicety, but rather a prerequisite to suit designed to encourage negotiation and settlement and as a control on the amount of damages[,]" *McKenna v. Wells Fargo Bank, N.A.*, 693 F. 3d 207, 218 (1st Cir. 2012) (internal quotations and citations removed), and such

---

[5] It is unclear on whose behalf the Chapter 93A claim is asserted due to Plaintiffs' imprecise pleading style; particularly as the Complaint states "Plaintiff Heaton is a member of the M.G.L. 93A class" only to later contradict itself by asserting the Chapter 93A claim on behalf of "Plaintiffs" (*i.e.,* plural). [*Compare* D.E. 1, ¶ 73 *with* D.E. 1, ¶¶ 86, 89, 91, 92, 93].

requirement "must be alleged and proved[,]" *Tomaselli v. Beaulieu*, 967 F. Supp. 2d 423, 451 (D. Mass. 2013) (granting dismissal for plaintiffs' failure "to allege they sent a written demand for relief at least thirty days prior to filing suit."). Here, Plaintiffs simply allege they "made a written demand for relief" at some point in time to someone or something and some or all of the "Defendants have failed to make a timely and adequate response[.]" (Dkt. 1, ¶ 92). Such a bare allegation says nothing about the contents of the demand let alone the timing as to when and to whom the demand was purportedly sent. Accordingly, the Chapter 93A claims should be dismissed for failure to adequately allege this most basic prerequisite to filing the Chapter 93A claim.

## IV. CONCLUSION

For the foregoing reasons, the solicited telephone call to Plaintiff Horigan is not sufficient to establish Horigan suffered an invasion of a legally protected interest and his TCPA claims should be dismissed for lack of subject matter jurisdiction. Further, the derivative Chapter 93A claims that are nothing more than an attempt to repackage the TCPA claim Plaintiffs seek to allege in Count I of the Complaint should be dismissed for failure to state a claim upon which relief can be granted.

Dated: February 23, 2018                            Respectfully submitted,

                                                    SUNPATH, LTD.,

                                                    By its attorneys,

                                                    /s/ *Stephen D. Riden*
                                                    Stephen D. Riden, BBO No. 644451
                                                    sriden@beckreed.com
                                                    BECK REED RIDEN LLP
                                                    155 Federal St., Suite 1302
                                                    Boston, MA 02110
                                                    Tel: (617) 500-8660
                                                    Fax: (617) 500-8665

33872540v2

-and-

Beth-Ann E. Krimsky
*(Pro Hac Vice Admission)*
beth-ann.krimsky@gmlaw.com
Lawren Zann
*(Pro Hac Vice Admission)*
lawren.zann@gmlaw.com
GREENSPOON MARDER LLP
200 East Broward Blvd, Suite 1800
Fort Lauderdale, FL 33309
Tel: (954) 527-2427
Fax: (954) 333-4027

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that this Memorandum of Law in Support of Motion to Dismiss Complaint has been filed through the CM/ECF system on February 23, 2018, and will be served electronically to the registered participants as identified on the Notice of Electronic Filing through the Court's transmission facilities, and that non-registered participants have been served this day by mail.

/s/ Stephen D. Riden
Stephen D. Riden