# United States District Court
# District of Massachusetts

|  |  |
|---|---|
| JOHN HEATON and CHRISTOPHER HORIGAN, ) <br> on behalf of themselves and others similarly situated, ) <br> Plaintiffs, ) <br> ) <br> ) <br> v. ) <br> ) <br> MOTOR VEHICLE ASSURANCE, NATIONAL ) <br> AUTO PROTECTION CORP. and SUNPATH LTD., ) <br> Defendants. ) <br> ) | **CIVIL ACTION** <br> **No. 17-40169-TSH** |

## ORDER AND MEMORANDUM OF DECISION
### September 28, 2018

**HILLMAN, D.J.**

### Background

John Heaton ("Heaton") and Christopher Horigan ("Horigan" and together with Heaton, "Plaintiffs"), have filed suit against Motor Vehicle Assurance ("MVA"), National Auto Protection Corp. ("NAPC") and Sunpath LTD ("Sunpath" and together with NAP, "Defendants") to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). More specifically, Plaintiffs allege that Defendants made unsolicited telephone calls to their cellular phones and/or landlines. Plaintiffs also allege a claim against the Defendants under the Massachusetts Consumer Protection Act ("Chapter 93A"). Sunpath and NAPC have each filed motions to dismiss the Complaint pursuant to

Fed.R.Civ.P. 12(b)(1) and 12(b)(6), on the grounds that (1) Horrigan lacks standing to assert a claim under the TCPA, and therefore, this Court lacks subject matter jurisdiction over his claim, and (2) both Defendants fail to state a claim upon which relief can be granted pursuant to Chapter 93A. For the reasons set forth below, the Defendants' motions to dismiss are granted in part, and denied, in part.[1]

## Facts

### The TCPA

In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that unrestricted telemarketing can be an intrusive invasion of privacy. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." *See* 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA provides a private cause of action to persons who receive calls in violation thereof. In 2013, the Federal Communication Commission ("FCC") required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without

---

[1] Heaton has not made any factual allegations against NAPC and therefore, NAPC argues that if Horigan's claims against it are dismissed, the entire Complaint should be dismissed against it, including the class action allegations. Sunpath is seeking dismissal of all of Horigan's claims against it and Heaton's claims against it under Chapter 93A.

requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

The Alleged Phone Calls to Heaton

Sunpath is a company that offers extended warranties on automobiles. To generate new clients, Sunpath relies on telemarketing. However, Sunpath's contact with the potential new customers is limited, and the telemarketing is conducted by third parties. One of Sunpath's strategies for telemarketing involve hiring third parties that make use of an automatic telephone dialing system ("ATDS") to solicit potential customers through the use of a predictive dialer. Sunpath also has some of its third parties employ the use of pre-recorded messages, which require the consumer to affirmatively respond to an automated message before they can speak with a live person. Sunpath engages this use of this equipment because it allows for thousands of automated calls to be placed at one time, but its telemarketing representatives, who are paid by the hour, only talk to individuals who pick up the telephone.

NAPC provides marketing services for Sunpath. In making calls, NAPC utilizes leads generated from sources with whom it has contracted and who provide marketing-like banner advertisements and informational landing pages on websites. Interested consumers can provide their vehicle information and other personal information, such as their contact telephone number, on text boxes provided on the website, which only accepts the personal information if the consumer provides written consent. Indeed, consumers are only contacted by NAPC if they provide written consent by checking a box on the website which states that the consumer agrees to specific terms that are set forth on the website. Among the terms to which the consumer agrees are terms that provide that the consumer has consented to, among other things, ATDS calls to their wireless telephones.

On April 27, 2017, a Colleen Korniotes visited a website entitled "wehaveautoloans.com." and consented in writing to receive telephone calls from ATDS to a wireless telephone number associated with Horigan. Specifically, someone referring to themselves as "Colleen Korniotes" visited the "wehaveautoloans.com" website, at 10:18 p.m. (22:18) on April 27, 2017, and provided the name and email address for Colleen Korniotes with a cellular telephone number of (508) XXX-4142, which is Horigan's number. The person who visited the site checked the appropriate boxes indicating that s/he consented to receive telephone calls, including ATDS calls. The website permits consumers to supply information, including their telephone number(s), addresse(s) and email addresse(s), but it will not accept this information unless the consumer checks the two boxes on the website by which the consumer gives his or her permission to be, among other things, contacted on their wireless telephones through telephone calls generated by automated telephone dialing systems.

NAPC placed a pre-recorded telemarketing call to Heaton on July 7, 2017 to cellular telephone number (508) XXX-4142. When the call was answered, there was a lengthy pause and a click followed by silence before a pre-recorded message came on the line. Horigan believes that the call was made using an ATDS. To identify the calling party, Horigan pressed "1." When he connected with a live individual, Horigan was solicited for an extended warranty purchase for Sunpath services. When Horigan sought to identify the company that was calling him, he was told the company was "www.sunpath.com."

During the conversation, Horigan identified himself as "Christopher Miller" and had and *extensive* conversation with the caller (and other persons who he was transferred to speak to) regarding his vehicle. Horigan avers that he did not go on the "wehaveautoloans.com" on April

4

27, 2017, and that the computer IP address associated with the computer that went on the site that day is not the IP address of his *home* computer.

*Allegations of Actual Injury*

Plaintiffs were temporarily deprived of legitimate use of their phones because the phone line was tied up, they were charged for the calls and their privacy was improperly invaded. Moreover, these calls injured Plaintiffs because they "were frustrating, obnoxious, annoying, were a nuisance and disturbed [their] solitude ..."

**Standard of Review**

Federal courts are forums of limited subject matter jurisdiction. *Picciotto v. Continental Cas. Co.,* 512 F.3d 9, 17 (1st Cir.2008). Jurisdiction is "authorized by the Constitution and expressly conferred by Congress." *Destek Group, Inc. v. State of New Hampshire Public Utilities Comm'n,* 318 F.3d 32, 38 (1st Cir.2003). "When a district court considers a Rule 12(b)(1) motion, it must credit the plaintiff's well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor. The district court may also 'consider whatever evidence has been submitted, such as the depositions and exhibits submitted.' " *Merlonghi v. United States,* 620 F.3d 50, 54 (1st Cir.2010) (internal citations and citation to quoted case omitted).

To overcome a Rule 12(b)(6) motion to dismiss for failure to state a claim, a complaint must allege sufficient facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 667, 129 S. Ct. 1949 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 546, 127 S. Ct. 1955 (2007). The plausibility of a claim is evaluated in a two-step process. *Manning v. Boston Med. Ctr. Corp.*, 725 F.3d 34, 43 (1st Cir. 2013). First, the court must separate the complaint's factual allegations, which must be accepted as true, from its conclusory legal allegations, which are not entitled to the presumption of truth. *A.G. ex rel. Maddox v. Elsevier, Inc.*, 732 F.3d 77, 80 (1st Cir. 2013); *Manning*, 725 F.3d at 43. Second, the court must

accept the remaining factual allegations as true and decide if, drawing all reasonable inferences in the plaintiff's favor, they are sufficient to show an entitlement to relief. *Manning*, 725 F.3d at 43 The court draws on judicial experience and common sense in evaluating a complaint, but may not disregard factual allegations even if it seems that actual proof of any particular fact is improbable. *Iqbal*, 556 U.S. at 667, 129 S. Ct. 1949; *Twombly*, 550 U.S. at 556, 127 S. Ct. 1955. A motion to dismiss must focus not on whether the plaintiff will ultimately prevail, but whether he or she is entitled to offer evidence to support the claims. *Mitchell v. Mass. Dep't of Corr.*, 190 F. Supp.2d 204, 208 (D. Mass. 2002) (quoting *Scheur v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683 (1974)).

## **Discussion**

The Defendants assert that Horigan lacks standing to pursue his claims against them because he went on the "wehaveautoloans.com" website and expressly consented to receive ADTS calls from them, and therefore, did not suffer an actual injury in fact. They also that Plaintiffs have failed to allege facts which would support a Chapter 93A claim.

### Whether Horigan Lacks Standing to Pursue his TCPA Claim

To satisfy the standing requirement for subject matter jurisdiction, a plaintiff must prove that s/he "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo v. Robins*, 136 S.Ct. 1540, 1547 (2016). "To establish an injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical." *Id.* at 1548 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130 (1992). "A 'concrete' injury must be

'de facto'; this is, it must actually exist." *Id.* at 1549. Intangible harm can amount to 'concrete' injury for the purposes of establishing standing. *Id.*

Defendants assert that they have submitted evidence which establishes that Horigan consented to receive the telephone call from NAPC, and therefore, he has not established a concreted injury. A protracted discussion of this issue is not warranted. If Horigan went on the "wehaveautoloans.com" website and using a false name, consented to receive telephone calls by checking the appropriate boxes on the site, then Horigan would arguably lack standing to pursue his claims against the Defendants and they would be dismissed. However, Horigan has filed a sworn affidavit saying that he did not visit the "wehaveautoloans.com" website as alleged by the Defendants. On this record, I cannot find that he consented to receiving calls from Sunpath and its agents, including NAPC.[2] Therefore, Defendants motion to dismiss for lack of subject matter jurisdiction is denied.

<u>Whether Plaintiffs' Chapter 93A Claims should be Dismissed</u>

Plaintiffs have each alleged a single violation of the TCPA, that is, they have each alleged that they received a single phone call from the Defendants: Heaton alleges that he received a single call from MVA, on behalf of Sunpath, and Horigan alleges that he received a single phone call from NPAC, on behalf of Sunpath. Assuming that that their allegations are true, Plaintiffs were temporarily deprived of the legitimate use of their phones because the phone line was tied up for a period, they were charged for the calls and their privacy was improperly invaded. Moreover, these calls injured Plaintiffs because they were "frustrating, obnoxious, annoying, were a nuisance and disturbed [their] solitude."

---

[2] I will note that Horigan's affidavit is very carefully worded. If during the course of this suit it is determined that Horigan or someone on his behalf visited "wehaveautoloans.com" and consented to receiving telephone calls from Sunpath and its agents, not only will his case be dismissed, the Court will consider the imposition of significant sanctions.

7

>Massachusetts' consumer protection statute prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce, and grants a cause of action to a person injured by such acts or practices. A successful claim requires a showing of 1) a deceptive act or practice on the part of the defendant, 2) an injury or loss suffered by the plaintiff and 3) a causal connection between the defendant's deceptive act or practice and the plaintiff's injury. In order to prevail on a claim under [Chapter] 93A, a plaintiff must establish both that an unfair or deceptive act or practice has been committed *and* that the commission of that act or practice has caused him an injury. The plaintiff must show that there was a causal connection between the deception and the loss and that the loss was foreseeable as a result of the deception.

*Jones v. Experian Info. Sols., Inc.*, 141 F. Supp. 3d 159, 163–64 (D. Mass. 2015)(internal quotations, citations and citations to quoted authorities omitted).

I am persuaded by a colleague's analysis of a similar claim:

>Plaintiff tries to hook his [Chapter] 93A claims on alleged violations of the TCPA … . While statutory violations can provide evidentiary support for a [Chapter] 93A claim, the case law is clear that a statutory violation is not a *per se* violation of [Chapter] 93A … the TCPA claims, even assuming they have merit, do not establish fault. The TCPA is essentially a strict liability statute and does not require any intent for liability except when awarding treble damages. Violating the TCPA only requires proof that Defendants made calls to a cellular telephone using a predictive dialer. It does not involve any element of unfairness or deception. Setting aside the statutory violations, the proposed Complaint does not contain factual support for a [Chapter] 93A claim. Even accepting all of Plaintiff's allegations as true, it does not appear that Defendants' conduct was sufficiently outrageous. The SJC and the federal courts have agreed that 'mere negligence' cannot maintain a [Chapter] 93A claim; rather, the defendant must have committed some 'extreme or egregious' fault. Plaintiff insists that the calls are unfair because they are 'harassing and annoying and invades the privacy of Plaintiff and... [causes him] to incur costs for receiving calls,' and deceptive because 'the calls contain misleading sales pitches, and are made to appear as though they are from... an entity other than the actual business sending out the calls.' While these facts show that the calls certainly bothered Plaintiff, they do not support the idea that Defendants committed any extreme or egregious acts.

Likewise in this case, I do not find that, as a matter of law, Plaintiffs' allegations of a single call made to their cellular telephones, which tied up their phone lines for a brief period and were "frustrating, obnoxious, annoying, were a nuisance and disturbed [their] solitude," establish

8

that Defendants engaged in any unfair or deceptive acts or practices. Therefore, Defendants' motions to dismiss Plaintiffs' Chapter 93A claims is granted.

## Conclusion

It is hereby ordered that:

(1) National Auto Protection Corp's Motion For An Order Dismissing The Complaint Pursuant To Federal Rule Of Civil Procedure 12(B)(1)(Docket No. 18) is ***granted***, as to Plaintiffs' claim brought pursuant to Mass.Gen.L. ch. 93A and, is otherwise, ***denied***.

(2) Sunpath, Ltd.'S Motion To Dismiss Complaint (Docket No. 22) is ***granted***, as to Plaintiffs' claim brought pursuant to Mass.Gen.L. ch. 93A and, is otherwise, ***denied***.
.

*/s/* ***Timothy S. Hillman***
TIMOTHY S. HILLMAN
DISTRICT JUDGE