## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS
## WORCESTER DIVSION

| | |
|---|---|
| JOHN HEATON and CHRISTOPHER HORIGAN on behalf of themselves and others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>SUNPATH, LTD., MOTOR VEHICLE ASSURANCE and NATIONAL AUTO PROTECTION CORP.<br><br>    Defendants. | Case No. 4:17-cv-40169-TSH |

## PLAINTIFFS' MOTION TO COMPEL NATIONAL AUTO PROTECTION CORP. TO PROVIDE DISCOVERY RESPONSES

Sunpath, Ltd. ("Sunpath") provides vehicle warranty services to consumers. To do so, it relies on telemarketing using third-parties, such as the co-defendants Motor Vehicle Assurance ("MVA") and National Auto Protection Corp. ("NAPC"). Plaintiff Christopher Horigan alleges that NAPC contacted him and a putative class of individuals he seeks to represent using a predictive dialer, a certain type of computer dialing equipment, on behalf of Sunpath in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, ("TCPA"). In further support of their motion, the Plaintiffs state as follows:

1. The parties conducted their Fed. R. Civ. P. 26(f) conference on October 11, 2018.

2. That same day, the Plaintiffs served their first set of discovery on each defendant propounding requests related to class member identity, vicarious liability and damages. The set served on NAPC is attached as Exhibit 1.

3. The Plaintiffs served a second set of discovery on October 22, 2018 tailored to the affirmative defense of consent that NAPC put at issue. These are attached as Exhibit 2.

4. After extensions were requested and granted, Sunpath and MVA provided their discovery responses.

5. However, NAPC neither requested an extension or provided their responses to either set of discovery.

6. Counsel for the Plaintiffs e-mailed counsel for NAPC on November 19, 2018 regarding the status of the discovery responses.

7. Counsel for the Plaintiffs did not receive a response.

8. Counsel for the Plaintiffs sent another e-mail on November 28, 2018 to counsel for NAPC.

9. In response, counsel conferred and counsel for the Plaintiffs agreed to extend the deadline for both set of discovery responses to December 10, 2018.[1]

10. NAPC did not provide their discovery responses on December 10, 2018 as agreed.

11. Counsel for the Plaintiffs sent an e-mail on December 13, 2018 stating that they were going to file this motion if they did not receive the responses on December 17, 2018.

12. Counsel for NAPC did not respond.

### LOCAL RULE 37.1(A) CERTIFICATION

Counsel for the parties, Edward Broderick and Anthony Paronich for the Plaintiff has conferred or attempted to confer with Gino Zonghetti, counsel for the Defendant, on multiple occasions as outlined in this motion.

---

[1] During this call, counsel for NAPC claimed that they called counsel for Plaintiffs previously and did not receive a response. However, counsel for Plaintiffs had returned that call.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request his motion to compel be granted and Flowmedia be ordered to provide their responses and all documents they intend to voluntarily produce within 7 days or be deemed to waive all objections.

Plaintiffs by their attorneys

*/s/ Anthony I. Paronich*
Anthony I. Paronich
Edward A. Broderick
Broderick & Paronich, P.C.
99 High St., Suite 304
Boston, MA 02110
(508) 221-1510
anthony@broderick-law.com
ted@broderick-law.com

Alex M. Washkowitz
Jeremy Cohen
CW Law Group, P.C.
188 Oaks Road
Framingham, MA 01701
alex@cwlawgrouppc.com

Matthew P. McCue
The Law Office of Matthew P. McCue
1 South Avenue, Suite 3
Natick, MA 01760
(508) 655-1415
mmccue@massattorneys.net

Dated: December 18, 2018

## CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2018, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system.

*/s/ Anthony I. Paronich*
Anthony I. Paronich