**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WORCESTER DIVSION**

JOHN HEATON and CHRISTOPHER      :
HORIGAN on behalf of themselves and    :
others similarly situated,               :
                                  :    Case No. 4:17-cv-40169-TSH
        Plaintiffs,               :
                                    :
v.                                         :
                                    :
SUNPATH, LTD., MOTOR VEHICLE     :
ASSURANCE and NATIONAL AUTO      :
PROTECTION CORP.             :
                                    :
        Defendants.           :
                                    :
                                    :
_____/

**PLAINTIFFS' FIRST SET OF DISCOVERY
REQUESTS TO NATIONAL AUTO PROTECTION CORP.**

Pursuant to Fed. R. Civ. P. 33 and 34, Plaintiffs John Heaton and Christopher Horigan

("Plaintiffs") requests that Defendant National Auto Protection Corp. ("Defendant") respond to

the following requests.

Throughout this request:

1.      Unless otherwise stated, or identified in the local rules, all definitions should be

responded to according to their ordinary meaning.

2.      Unless otherwise specified in a particular paragraph, the time period covered by

this request is four years prior to the filing of the Complaint in this action through the date of

trial.

3.      If any document requested was, but no longer is, in your possession or subject to

your control, please state: (a) the date of its disposition; (b) the manner of its disposition (e.g.,

1

lost, destroyed, transferred to a third party); and (c) an explanation of the circumstances surrounding the disposition of the document.

4.      "Defendant" means National Auto Protection Corp. and all parent, related, affiliate and subsidiary companies.

5.      The term "identify" when used with respect to a natural person means to state: (1) the full name of the person, (2) his or her present or last known business and residential address and telephone number, (3) his or her email address, (4) his or her employer and position or title, (5) a description of his or her responsibilities, and (6) with respect to expert witnesses, the witness's profession and qualifications. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent interrogatories requesting the identification of that person.

6.      The term "identify" with respect to legal actions means to state: (1) the full names of all parties, (2) each party's status (such as Plaintiffs, defendant, third-party defendant, or intervenor), (3) the case number, (4) the jurisdiction and specific court or tribunal, (5) the date the action was filed, (6) the date the action was finally disposed of, or else an indication that the action is still pending, (7) for each appeal, the full names of all parties to the appeal, (8) for each appeal, all docket numbers, (9) for each appeal, the jurisdiction and specific appellate court or tribunal, (10) for each appeal, the date filed, and (11) for each appeal, the date the appeal was finally decided or otherwise disposed of, or if the appeal is still pending, an indication to that effect.

7. The term "identify" when used with respect to verbal communication, discussion, or meeting means to state: (1) the type of communication, discussion or meeting (e.g., telephone conversation, face-to-face conversation, staff meeting), (2) its date or approximate date, (3) the identity of its participants or attendees, and (4) its general subject matter.

8. The term "identify" with respect to documents means to state: (1) the type of document (e.g., "letter to John Doe, cc: Richard Roe"), (2) its date or approximate date, (3) its author or authors, (4) its recipient or recipients, (5) its subject matter, and (6) its present location or custodian (or in lieu thereof attach a copy of the document). You need not provide a description as detailed as the foregoing if the document is produced in response to these Interrogatories and if such information is readily discernible from the document.

9. "Communication" includes every manner or means of disclosure, transfer, or exchange of information, and every disclosure, transfer or exchange of information, whether orally or by document or whether face-to-face, by telephone, mail, personal delivery, or otherwise.

10. "TCPA" means the Telephone Consumer Protection Act, 47 U.S.C. § 227, implementing regulations 47 C.F.R. 64.1200, and all valid FCC rulings and opinions interpreting such.

11. The singular includes the plural number, and vice versa. The masculine includes the feminine and neuter genders. The past tense includes the present tense where the clear meaning is not distorted by change of tense.

12. To the extent that any document cannot be furnished, such documents as are available shall be supplied, together with a description of the documents not furnished and the reason for not furnishing them.

13.     "And" and "or" shall be interpreted to mean "and/or," so that said terms are given their broadest possible meaning.

14.     "Telemarketing Calls" are outgoing telephone calls made using a computer or automated system that were sent with an intention to generate leads or customers within the United States during the putative class period.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**Request No. 1:**   Documents that identify all Telemarketing Calls made to numbers registered to a cellular telephone service from four years prior to the filing of the Complaint to the present, including to Plaintiffs. If you are unable to limit the production to cellular telephone numbers, produce all Telemarketing Calls so the Plaintiffs, or their expert, may do the same.

Response:

**Request No. 2:** If any documents responsive to the prior request are in the hands of third parties, produce documents that identify those third parties.

Response:

**Request No. 3:**   All documents identifying the contact information, including name, address, and email address, of the persons to whom Telemarketing Calls identified in the prior responses were made.

Response:

4

**Request No. 4:**    Documents that identify all dialing systems or recorded message content used for any outgoing Telemarketing Calls. This request includes all drafts of those scripts.

Response:

**Request No. 5:** All contracts and correspondence between the Defendant and Sunpath over the course of the putative class period.

Response:

**Request No. 6:** All contracts and correspondence between the Defendant and any vendor used to make Telemarketing Calls over the course of the putative class period.

Response:

**Request No. 7:**    All documents relating to legal demand letters, informal complaints, formal lawsuits, and all government enforcement actions or investigations sent to Defendant, or to any individual or entity retained by Defendant, in way relating to allegations of unlawful telemarketing.

Response:

**Request No. 8:**    All documents concerning Defendant's response to, or investigation into, allegations of unlawful and/or unauthorized telemarketing. This request includes, but is not

5

limited to, documents sent to or received from the FTC, FCC, any State Attorney General, or other government entity, relating to allegations of unlawful telemarketing.

Response:

**Request No. 9:**   All documents relating to any training relating to telemarketing or the TCPA that occurred amongst Defendant and Sunpath or Defendant and any vendor it hired to make Telemarketing Calls.

Response:

**Request No. 10:**   All documents reflecting payment exchanged between Defendant and Sunpath or Defendant and any vendor it hired to make Telemarketing Calls.

Response:

**Request No. 11:**   All documents relating to any audits, investigations, or other inquiries by Defendant into Sunpath or Defendant into any vendor it hired to make Telemarketing Calls.

Response:

**Request No. 12:**   Produce copies of all discovery responses related to any other lawsuit in which Defendant or any of its affiliates, subsidiaries, successors, or predecessors was a named party at any time in the last ten years related to allegations of illegal telemarketing.

Response:

**Request No. 13:** All documents referred to in, identified in, or that provide part of the basis for your responses to any Interrogatory propounded by the Plaintiffs.

Response:

**Request No. 14:** All insurance agreements under which an insurance business may be liable to satisfy all or part of a possible judgment or to indemnify or reimburse for payments made to satisfy the judgment.

Response:

**Request No. 15:** All documents concerning coverage or reserving rights regarding any insurance agreements described in the preceding request. This request seeks correspondence, internal documents, and documents concerning any actual or threatened insurance-related litigation.

Response:

**Request No. 16:** All documents, records, data, recordings and other materials relating to the Plaintiffs.

Response:

**Request No. 17:** All documents that support any of the affirmative defenses you have asserted. This includes, but is not limited to, any assertion that the recipients of your telephone calls provided their prior express consent to receive such calls.

Response:

**Request No. 18:** Produce all documents reflecting the number of new customers obtained and the revenue garnered for Defendant as a result of Telemarketing Calls by any vendor it hired.

Response:

**Request No. 19:** Produce all databases or compilations of information maintained by Defendant, or its agents, which include information concerning leads or potential customers received as a result of Defendant's Telemarketing Calls or by Telemarketing Calls from any vendor it hired.

Response:

**Request No. 20:** Produce all documents that relate to the failure, alleged failure, or possible failure of your third parties or vendors to comply with the parameters of any agreements, contracts, scopes of work, or other instruction(s) imposed by you regarding telemarketing.

Response:

**Request No. 21:** Produce copies of all materials, business plans, memoranda, minutes, or other documents that reference telemarketing and/or generating leads, including any such materials directed to third parties.

Response:

**Request No. 22:** Produce all communications between you and any third party or vendor that may provide a defense or indemnity for you in this lawsuit.

Response:

**Request No. 23:** Produce all documents evidencing any and all policies related to telemarketing, and a timeline indicating the periods during which each such policy was in effect. This request specifically includes, but is not limited to, policies related to the following:

    a.       The frequency with which calls to the same number shall occur;

    b.       The duration and content of each call;

    c.       The circumstances or reasons triggering the addition of a person's name or telephone number to the list of those receiving calls;

    d.       When and how calls would be made (e.g., the equipment, computer system, or other program, etc.);

    e.       Compliance with the Telephone Consumer Protection Act, 47 U.S.C. § 227, including, but not limited to the rules, regulations, opinions, advisories, comments, or filings of the Federal Communications Commission that relate to 47 U.S.C. § 227 and 47 C.F.R. § 64.1200(c)(2) & (d);

    f.       Obtaining or verifying prior express consent; and

**Request No. 24:** Produce all data and documents that identify the source of the numbers used to me Telemarketing Calls that Defendant, or any of its vendors, placed and produce all correspondence with that company.

Response:

9

## <u>INTERROGATORIES</u>

1.      Identify all entities or companies that you used to place a Telemarketing Call. For each respective entity, provide all contact information for them in your possession, custody or control (e.g. e-mail, address, phone number, contact name(s)).

<u>Response</u>:

2.      Identify all the persons who participated in or had knowledge of the Telemarketing Calls placed by Defendant, including for example: who was involved in developing any campaign or strategy for the calls, persons to or through whom calls may have been routed, and who drafted the scripts for the calls. With respect to individuals, include their names, titles, physical location, job description, and the entity they work for.

<u>Response</u>:

3.      Identify by name, address, company name, telephone number and all other contact information in your possession, custody or control, the company who physically transmitted the calls made by Defendant or any of their vendors.

<u>Response</u>:

4.      Identify any and all basis you have to assert that any of the individuals phone numbers Defendant, or any of their vendors, sent a Telemarketing Call provided their prior express consent to be contacted.

<u>Response</u>:

5.      Identify each person who provided the information to answer these interrogatories and specify each interrogatory or interrogatories about which each such person had information.

Response:

6.      Identify in detail all interactions that any employee of Defendant, or its agents, had with the Plaintiffs.

Response:

7.      Identify each person or entity involved in training your agents, vendors, or other third-parties making Telemarketing Calls regarding TCPA compliance. Please include in your answer a brief description of each person or entity's responsibilities regarding this training, a description of such training and the dates of any training provided.

Response:

8.      Identify each lawsuit in which Defendant or any of its affiliates, subsidiaries, successors or predecessors was a named party at any time in the last ten years in which the Plaintiffs's claims arose under the TCPA and its implementing regulations.

Response:

9.      Identify each dialing system Defendant, or any of their vendors, used to send Telemarketing Calls.

Response:

10.     Identify each and every basis you have to assert that the dialing system(s) used to make Telemarketing Calls by you or any of your vendors are not an "automatic telephone dialing system" as that term is defined under the TCPA.

Response:

11.     Identify all potential leads or customers provided to Sunpath.

Response:

12.     Identify how much money Sunpath paid Defendant over the putative class period.

Response:

13.     Identify any non-monetary benefits Sunpath gave Defendant over the putative class period.

Response:

14.     State whether any documents responsive to the Request for Production of Documents (served contemporaneously herewith) have been destroyed or lost, or cannot be accounted for. If your answer to the preceding is anything other than an unqualified negative, please:

(a) identify each and every document which was destroyed or lost, or is unaccounted for;
(b) state when you believe the document(s) was destroyed or lost, or became unaccounted for;
(c) state what reason or explanation you have, if any, for the destruction, loss, or inability to account for the document(s) identified in sub-part (a); and
(d) identify the persons who are most knowledgeable about the information in sub-parts (a) through (c) of this Interrogatory.

Response:

Dated: October 11, 2018            PLAINTIFFS,

                                   By:
                                   *s/ Anthony I. Paronich*
                                   Anthony I. Paronich
                                   BRODERICK & PARONICH, P.C.
                                   99 High St., Suite 304
                                   Boston, MA 02110
                                   Telephone: (508) 221-1510
                                   anthony@broderick-law.com

## CERTIFICATE OF SERVICE

I, hereby certify that on October 11, 2018, I served the foregoing on counsel of record.

                                   */s/ Anthony I. Paronich*
                                   Anthony Paronich
                                   BRODERICK & PARONICH, P.C.