**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WORCESTER DIVSION**

| | |
|---|---|
| JOHN HEATON and CHRISTOPHER HORIGAN on behalf of themselves and others similarly situated,<br><br>　　　Plaintiffs,<br><br>v.<br><br>SUNPATH, LTD., MOTOR VEHICLE ASSURANCE and NATIONAL AUTO PROTECTION CORP.<br><br>　　　Defendants. | Case No. 4:17-cv-40169-TSH |

**PLAINTIFFS' SECOND SET OF DISCOVERY
REQUESTS TO NATIONAL AUTO PROTECTION CORP.**

Pursuant to Fed. R. Civ. P. 33 and 34, Plaintiffs John Heaton and Christopher Horigan ("Plaintiffs") requests that Defendant National Auto Protection Corp. ("Defendant") respond to the following requests.

Throughout this request:

1.　　Unless otherwise stated, or identified in the local rules, all definitions should be responded to according to their ordinary meaning.

2.　　Unless otherwise specified in a particular paragraph, the time period covered by this request is four years prior to the filing of the Complaint in this action through the date of trial.

3.　　If any document requested was, but no longer is, in your possession or subject to your control, please state: (a) the date of its disposition; (b) the manner of its disposition (e.g.,

1

lost, destroyed, transferred to a third party); and (c) an explanation of the circumstances surrounding the disposition of the document.

4. "Defendant" means National Auto Protection Corp. and all parent, related, affiliate and subsidiary companies.

5. "And" and "or" shall be interpreted to mean "and/or," so that said terms are given their broadest possible meaning.

6. "Telemarketing Calls" are outgoing telephone calls made using a computer or automated system that were sent with an intention to generate leads or customers within the United States during the putative class period.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**Request No. 1:** To the extent that the Defendant is claiming that it obtained consent or permission to contact any putative class member with Telemarketing Calls based on a visit to a website, produce documents that identify those website(s) and the specific page(s) on those website(s) that you claim constitute consent or permission.

Response:

**Request No. 2:** For any website identified in response to the prior request, produce all access logs and error logs during the period you claim visits to that website constituted consent or permission to contact any putative class member with Telemarketing Calls.

Response:

**Request No. 3:** All documents that identify any vendor or company used for any website responsive to Request No. 1 that is used by that website for visitor traffic reporting. This includes any SEO or internet marketing consultants

Response:

**Request No. 4:** All documents that identify the bandwidth usage for each for any website responsive to Request No. 1 during the during the period you claim visits to that website constituted consent or permission to contact any putative class member with Telemarketing Calls.

Response:

**Request No. 5:** All documents that identify the website host(s) for each for any website responsive to Request No. 1 and the dates each host was active for each respective website.

Response:

**Request No. 6:** If any documents responsive to the prior requests are in the hands of third parties, produce documents that identify those third parties. If you claim that you did not have a direct affiliation with the website(s) at issue, identify (a) the company that did have a direct affiliation with the website(s) at issue, if known and (b) the company that you have interacted with regarding the website(s) at issue.

Response:

Dated: October 22, 2018         PLAINTIFFS,

By:
*s/ Anthony I. Paronich*
Anthony I. Paronich
BRODERICK & PARONICH, P.C.
99 High St., Suite 304
Boston, MA 02110
Telephone: (508) 221-1510
anthony@broderick-law.com

CERTIFICATE OF SERVICE

I, hereby certify that on October 22, 2018, I served the foregoing on counsel of record.

/s/ *Anthony I. Paronich*
Anthony Paronich
BRODERICK & PARONICH, P.C.