UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WORCESTER DIVISION

| | |
|---|---|
| JOHN HEATON and CHRISTOPHER HORIGAN on behalf of themselves and others similarly situated,<br><br>      Plaintiff,<br>v.<br><br>MOTOR VEHICLE ASSURANCE, NATIONAL AUTO PROTECTION CORP., and SUNPATH, LTD.,<br><br>      Defendants. | Civil Action No. 4:17-cv-40169 |

**JOINT STIPULATION FOR CONFIDENTIALITY AND**
**PROPOSED PROTECTIVE ORDER**

**IT IS HEREBY STIPULATED** by and between Plaintiffs, John Heaton and Christopher Horigan (collectively, the "Plaintiffs"), and Defendants, Nationwide Vehicle Assurance, Inc.[1] National Auto Protection Corp., and SunPath, Ltd. (collectively, the "Defendants") (Plaintiffs and Defendants may be individually referenced as a "Party" and collectively referenced as the "Parties"), by and through their respective counsel of record, that in order to facilitate the exchange of confidential information and documents, the Parties desire to contractually bind themselves to the terms herein and obtain the Court's approval of this agreement,

**THEREFORE**, based upon the foregoing, the Parties hereby stipulate and agree to the following terms and conditions and to entry of an order hereon by the Court:

**IT IS FURTHER ORDERED**:

    1.    "Confidential Information" shall mean any document, portion thereof, information, or any other form of evidence or discovery, designated as "Confidential" by a Producing Party (as defined below) who in good faith believes that the discovery includes

---

[1] Plaintiffs sued Motor Vehicle Assurance, however, the correct entity is Nationwide Vehicle Assurance, Inc.

37016196v2

sensitive confidential business, proprietary, or personal information that would not ordinarily be disclosed publicly and which, if disclosed publicly, could cause prejudice or competitive harm, or any other information considered confidential or proprietary pursuant to applicable laws, and shall include, without limitation, all copies or abstracts of the foregoing. All copies of material properly designated as Confidential and all abstracts, charts, summaries, and notes made from material properly designated as Confidential shall be treated as Confidential Information.

2.  Information produced or exchanged in the course of this action may be classified as Confidential Information by any Party or any third-party producing documents, information, or providing testimony in connection with this action (individually and collectively, a "Producing Party," as the context requires). Such information may be designated as Confidential by a Producing Party, whether it be a document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise. A Producing Party will make such designation only as to that information which the Producing Party in good faith believes to be Confidential Information entitled to protection under any applicable Rule, Statute, Order, Regulation, or case law. However, this Order shall not apply to information that is public knowledge.

3.  "Qualified Person" shall mean:

(a) The Plaintiffs;

(b) The Defendants;

(b) Counsel of record for any Party in this action and employees and staff personnel of such counsel of record to whom it is necessary that Confidential Information be shown for purposes of this action; and

(c) Agents of, or persons retained by, any counsel of record for any Party in this action for the purpose of assisting in the preparation of this action for trial to whom it is

37016196v2

necessary that Confidential Information be shown for that purpose and who have first signed a document in the form of Exhibit "A" attached hereto to be kept on file with the attorneys of record for the party making such Confidential Information available to such person; those counsel of record shall retain the signed document in the form of Exhibit "A" until further Order of this Court or joint stipulation by the Parties and any Producing Party. Notwithstanding the foregoing, to the extent a retained expert or agent is, was, or is anticipated to become an employee of a competitor of a Producing Party, then such Producing Party shall be given notice (in writing) and a reasonable opportunity to object and/or seek a further protective order prior to disclosing such information to the expert or agent in question;

(d) Any employees of the Parties or other agents of the Parties, who are actively involved in this action, and who have first signed a document in the form of Exhibit "A" attached hereto and submit such document with counsel of record for the Party making such Confidential Information available to such person;

(e) Personnel of the Court and court reporters and necessary support personnel of such court reporters retained in connection with any hearing in this action or in connection with any depositions taken by any party in this action to the extent necessary to transcribe and/or record the deposition testimony and identify exhibits marked in the course of the deposition under seal or with suitable precaution calculated to maintain confidentiality; and

(f) Independent litigation support vendors, including, but not limited to, legal interpreters and translators, document reproduction services, computer imaging services, and demonstrative exhibit services, who are retained by a Party to perform services in connection with this action, provided that any such persons sign a document in the form of Exhibit "A" attached hereto and submit such document to the counsel of record for the Party making such Confidential Information available to such person.

37016196v2

4.    Confidential Information shall include all documents and copies of such documents which a Producing Party has designated as Confidential by marking each page "Confidential," or, in the case of documents or information produced by third-parties pursuant to process issued in this action, by any Producing Party notifying each Party in writing, within twenty (20) business days of the Producing Party's receipt of the third-party production, of each page designated by such Producing Party subject to Section 1 above as Confidential Information. All third-party production will be treated as confidential to the extent designated as Confidential by any Producing Party or until the expiration of the twenty-day period. In lieu of marking the originals of such documents, any Producing Party may mark the copies of such documents that are produced or exchanged.

5.    Portions of a deposition of a Party or of an independent expert retained by a Party for purposes of this Action, or by a non-party possessing information considered Confidential by any Party, may be designated by any Producing Party subject to Section 1 above as Confidential Information by indicating on the record at the deposition that the testimony is confidential and subject to the provisions of this Order.  The Producing Party may also designate such portions of a deposition as Confidential by notifying all Parties in writing, within twenty (20) business days of receipt of the full and complete transcript of said deposition.  Counsel of a Producing Party may designate on the record during deposition the information that contains Confidential Information that is to be made subject to the provisions of this stipulation.  Persons not permitted access to such Confidential Information pursuant to this stipulation shall be excused from the deposition during the portion thereof disclosing the Confidential Information.  Moreover, the court reporter shall be instructed to mark the deposition transcript accordingly.  A Producing Person may later designate testimony or information disclosed at a deposition as Confidential by notifying all Parties in writing that the transcript is available, and of the specific pages and lines

of the transcript that are to be designated Confidential. If no Confidential designation is made at the time of a deposition, such deposition nonetheless shall be treated as Confidential Information from the taking of the deposition until twenty (20) days after all Parties are notified by the court reporter or any Party that the transcript is available. In addition, if a Producing Party designates as Confidential any information disclosed or discussed in the course of a deposition, the reporter for the deposition shall be directed that questions, answers, colloquy, and exhibits referring or relating to any such Confidential Information shall be placed in a separate volume so as to reflect the confidentiality of the material contained therein. If any portion of a deposition transcript is filed in this action or any other proceeding and contains Confidential Information, that portion of the transcript shall bear the appropriate legend on the caption page and shall be filed under seal as set forth in Section 12, *supra*. In addition, for any deposition in which documents designated as containing Confidential Information are marked as exhibits or shown to the deponent or otherwise employed, those designated documents shall be considered Confidential Information and subject to the provisions of this Order. All depositions will be treated as Confidential Information from receipt by the deponent and any other person and/or entity entitled under this stipulation to designate Confidential Information pursuant to section 1 above until the expiration of the twenty day period; provided, however, that nothing contained in this Joint Stipulation shall limit or inhibit the use of depositions in connection with any evidentiary hearing or in support of a motion to be filed with the Court subject to Section 12, *supra*. In the event any Confidential Information is disclosed by a Producing Party in electronic, magnetic, photographic or other non-documentary form, the Confidential designation shall be placed on the jacket, slip sheet, cover or container in which the non-documentary Confidential Information is produced. The recipient shall maintain the non-documentary Confidential Information with the marked jacket, slip sheet,

5

cover or container, and shall in good faith take such steps as are necessary to ensure that the non-documentary Confidential Information is not disclosed except as provided in this stipulation.

6. Any information designated as Confidential Information shall not be made available to persons other than the Court in accordance with this stipulation, Qualified Persons, or the Producing Party that produced the Confidential Information. Qualified Persons who receive Confidential Information shall use it solely for the purpose of this action.

7. No copies of Confidential Information shall be made except by or on behalf of counsel of record for a Party in this action or recipients otherwise authorized and bound by this stipulation. Any counsel or other persons and/or entities bound by this stipulation that make or cause to be made copies of Confidential Information shall maintain all such copies within their possession or the possession of others who are entitled to access such Confidential Information.

8. Nothing shall prevent disclosure beyond the terms of this Joint Stipulation if the Producing Party designating the material as Confidential consents in writing to such disclosure, or upon Court order, after notice and a reasonable opportunity to object has been afforded to all Parties, Producing Parties, and affected persons and/or entities.

9. The inadvertent or unintentional disclosure by a Producing Party of Confidential Information, or information subject to an evidentiary privilege or immunity, shall not be deemed a waiver in whole or in part of a Producing Party's claim of confidentiality, evidentiary privilege or immunity either as to the specific information disclosed or as to any other information relating thereto; provided, however, that the Producing Party must make the Confidential designation or claim the privilege or immunity promptly following discovery of the disclosure, but in no event more than ten (10) days from the time of notification of the inadvertent or unintentional disclosure to the Producing Party by any Party, person, or entity.

37016196v2

10. Nothing in this Order shall require production of information that a Producing Party contends is protected from disclosure by the attorney-client privilege, work product doctrine, or any other privilege, doctrine, right, or immunity. If, in connection with this action, a Party inadvertently discloses (the "Disclosing Party") information subject to a claim of attorney client privilege, work product doctrine, or any other privilege, doctrine, right, or immunity ("Disclosed Protected Information"), the disclosure of the Disclosed Protected Information shall not constitute or be deemed a waiver or forfeiture of any claim of privilege, work product protection, or other privilege, doctrine, right, or immunity that the Disclosing Party may otherwise be entitled to assert with respect to the Disclosed Protected Information. Within ten (10) business days of discovery of Disclosed Protected Information, a Disclosing Party may assert in writing the attorney client privilege, work product doctrine, or other privilege, doctrine, right, or immunity recognized under applicable laws that is being claimed with respect to Disclosed Protected Information and, to the extent otherwise responsive, shall thereafter provide a privilege log in lieu of the inadvertently produced material in a manner consistent with the Federal Rules of Civil Procedure documenting same. Documents or information subject to a claim of privilege or immunity must be returned as soon as they are discovered, without any need to show the production was inadvertent. The Party receiving such Disclosed Protected Information shall immediately, and in no event later than five (5) business days of discovery or written notification, return or destroy all copies of the Disclosed Protected Information and provide a certification of counsel that all such Disclosed Protected Information has been returned or destroyed. If the receiving Party shared the Disclosed Protected Information with any person or entity before discovering or being notified of the Disclosed Protected Information's unintentional production, the receiving Party must take reasonable steps to retrieve such information. Notwithstanding this paragraph, no Party, person, or entity is required to delete

information that may reside on the respective Party, person, or entity's electronic back-up systems that are over-written in the normal course of business, but hereby covenants that such information shall not be retrieved or reviewed for any purpose, including in relation to this action or the assertion of claims against any Party, person, or entity.

11. A Party shall not be obligated to challenge the propriety of a Confidential designation at the time made, and a failure to do so shall not preclude a subsequent challenge to such designation. In the event any Party disagrees at any stage of the proceedings with the designation by a Producing Party of any information as Confidential, the affected Party and/or Parties and the Producing Party first shall try to dispose of such dispute in good faith on an informal basis in accordance with Rule 37 of the Federal Rules of Civil Procedure ("Meet and Confer"). In order to initiate the Meet and Confer process, the Party and/or Parties disagreeing with the designation of Confidential by a Producing Party (individually and collectively, the "Challenging Party," as the context requires) shall provide the Producing Party written notice of each Confidential designation the Challenging Party is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to the Confidential designation is being made in accordance with this specific paragraph of the Joint Stipulation. The Challenging Party and the Producing Party must confer directly (in voice to voice dialogue; other forms of communication are not sufficient) within fourteen (14) days of the date of service of the notice, or any other amount of time agreed to in writing by both the Challenging Party and the Producing Party. In conferring, the Challenging Party must explain the basis for its belief that the Confidential designation was not proper and must give the Producing Party a reasonable opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation in a timely manner. A Challenging Party may proceed to the

next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Producing Party is unwilling to participate in the meet and confer process in a timely manner.

If the dispute cannot be resolved informally and the Challenging Party seeks to press a challenge to a Confidential designation after considering the justification offered by the Producing Party, the Challenging Party shall file and serve a motion challenging a Confidential designation within a reasonable amount of time after the meet and confer process has been completed. Any such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed herein.

The burden of persuasion in any such challenge proceeding shall be on the Producing Party. If the Court finds that any challenges or defenses to a designation were frivolous (e.g., were made to harass or unnecessarily impose expenses or burdens on the other Parties), the Court may issue an order of attorney's fees and costs incurred by the party prevailing on the motion. All Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

12.   If any Party wishes to file with the Court any information subject to confidential treatment in accordance with the terms of this Joint Stipulation, or to file any pleadings, motions or other papers disclosing any Confidential Information, that Party shall first comply with the requirements of Rule 5.2 of the Federal Rules of Civil Procedure, the applicable Local Rules of the United States District Court for the District of Massachusetts, and all other applicable Rules and Orders relating to the filing of documents and materials under seal or redaction, except as otherwise provided in this stipulation. If an order is obtained in compliance with Rule 5.2, the applicable Local Rules of the United States District Court for the District of Massachusetts, and any other applicable Rules and Orders relating to the filing of documents and materials under

seal or redaction, the Confidential Information or documents containing Confidential Information shall be filed under seal in accordance with the requirements of Rule 5.2, the applicable Local Rules of the United States District Court for the District of Massachusetts, and any other applicable Rules and Orders, and kept under seal until further order of the Court. Where possible, only Confidential portions of filings with the Court shall be filed under seal. Upon written request by a Party wishing to disclose a document designated Confidential, including, but not limited to, in a filing with the Court in support of a motion, which written request shall generally describe the nature of the intended disclosure, a Producing Party that marked a document Confidential may, in its sole discretion, agree to permit the requested disclosure. Upon motion of a person or entity claiming protection under this Joint Stipulation, the Court will consider protection of Confidential Information at trial. To the extent any Party seeks to use the Confidential Information of a third-party Producing Party at trial, the third-party shall be given written notice and served with the motion filed pursuant to this paragraph, which will provide notice and a reasonable opportunity for the third-party to object to the public disclosure of such Confidential Information.

13. Nothing herein shall be deemed to restrict in any manner the use by any Party of its own documents or materials unless they contain Confidential Information of another Party, person, or entity. To the extent such materials may implicate the confidentiality rights of a Party, person, or entity under applicable federal laws, but as to which no opportunity has been provided to designate the material as Confidential Information, such Party, person, or entity shall be given written notice and a reasonable opportunity to object to the public disclosure of such potentially Confidential material.

14. This stipulation shall not be construed to: (i) prevent any Party or its counsel from making use of information that was lawfully in its possession prior to its disclosure by the

37016196v2

Producing Party; (ii) apply to information that appears in printed publications or becomes publicly known through no fault of any of the Parties or any of their counsel other than as a result of a breach of this stipulation; or (iii) apply to information independently and lawfully developed by the recipient Party from public or industry sources, provided that information developed based on Confidential Information shall retain its designation as such and continue to be governed by the terms of this stipulation. Should a dispute arise as to any specific information or materials, the burden shall be upon the Party claiming that such information or materials is or was publicly known through no fault of any Party or its counsel other than through discovery in this action. This stipulation does not affect a Party's rights, if any, that existed before execution of this stipulation, to use or lawfully disclose or prevent use or disclosure of material designated Confidential.

15. Notwithstanding any other provisions, nothing herein shall prohibit counsel for a Party from disclosing a document or thing designated Confidential to any entity or person who prepared the document or on the face of the document is clearly identified as an author, addressee, or "carbon copy" or "blind carbon copy" recipient intended by the author of such document or thing.

16. A Producing Party may, in good faith, redact not relevant and/or privileged information from any document or thing that is produced.

17. Nothing herein shall affect the right of any Producing Party to seek additional protection against the disclosure of any documents or materials.

18. Any Party may apply to this Court at any time, upon proper notice, for a modification of this Joint Stipulation with respect to the handling or designation of any document or for any other purpose; provided, however, that any such modification shall only be applied

prospectively to documents not yet produced at the time of the Court's order modifying the terms of this Joint Stipulation, unless otherwise agreed or ordered.

19.     At the conclusion of this action, including any appeal proceedings, all originals and copies of any documents containing Confidential Information shall be returned to the Producing Party or destroyed, upon request by the Producing Party, within forty-five (45) days of the Producing Party's request.

20.     The provisions of this Joint Stipulation shall continue to be binding after the conclusion of this action, except that a Party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of the Joint Stipulation. Such request for dissolution or modification of the Joint Stipulation may also be made by any party at any time during the pendency of this action.

**DONE AND ORDERED** in Chambers, at Worcester, Massachusetts on this ___ day of January, 2019.

_____
**THE HONORABLE TIMOTHY S. HILLMAN**
United States District Court Judge

cc: All counsel of record

# EXHIBIT A

# CERTIFICATION RE CONFIDENTIAL DISCOVERY MATERIALS

I hereby acknowledge that I, _____ [NAME], _____ [POSITION and EMPLOYER], am about to receive Confidential Information supplied in connection with the Action (Case No. 4:17-cv-40169 (D. Mass.)). I certify that I understand that the Confidential Information is provided to me subject to the terms and restriction of the Joint Stipulation for Confidentiality and Proposed Protective Order (the "Stipulation and Protective Order re Confidentiality") in the Action. I have been given a copy of the Stipulation and Protective Order re Confidentiality; I have read it, and I agree to be bound by its terms.

I understand that the Confidential Information, as defined in the Stipulation and Protective Order re Confidentiality, including any notes or other records that may be made regarding such Confidential Information, shall not be disclosed to anyone except as expressly permitted by the Stipulation and Protective Order re Confidentiality. I will not copy or use, except solely for the purposes of this Action, any Confidential Information obtained pursuant to this Stipulation and Protective order re Confidentiality, except as provided therein or otherwise ordered by the Court in the Action.

To the extent that I am, have been, or reasonably anticipate becoming employed by a competitor of a Producing Party and/or Designating Party, as those terms are defined in the Stipulation and Protective Order re Confidentiality, I have so advised counsel to the Parties so that they may provide notice and an opportunity to object to the disclosure (or seek a further protective order) to the affected Producing Party and/or Designating Party prior to disclosing such Confidential Information to me.

*Heaton et al. v. Motor Vehicle Assurance et al.*
*Case No.:4:17-cv-40169*
*Joint Stipulation for Confidentiality*

I further understand that I am to retain all copies of all Confidential Information provided to me in the Action in a secure manner, and that all copies of such Confidential Information are to remain in my personal custody until termination of my participation in this Action, whereupon the copies of such Confidential Information will be returned to counsel who provided me with such materials.

I declare under penalty of perjury, under the laws of the United States of America and the State of _____ [STATE OF EXECUTION], that the foregoing is true and correct. Executed this ____day of _____, 20__, at _____ [CITY], _____ [STATE].

DATED: _____        BY: _____
                                                                Signature
                                                                Name:
                                                                Address:
                                                                Telephone Number:

14

37016196v2