IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WORCESTER DIVSION

| | |
|---|---|
| JOHN HEATON and CHRISTOPHER HORIGAN on behalf of themselves and others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> SUNPATH, LTD., MOTOR VEHICLE ASSURANCE and NATIONAL AUTO PROTECTION CORP. <br><br> Defendants. | Case No. 4:17-cv-40169-TSH |

## PLAINTIFFS' MOTION TO COMPEL SUNPATH, LTD.

Plaintiffs Christopher Horigan and John Heaton has filed this putative class action for violation of the Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227) ("TCPA") as a result of a series of automated calls they and thousands of other individuals received promoting Sunpath, Ltd. ("Sunpath") services. Sunpath provides vehicle warranty services to consumers. To do so, it relies on telemarketing using third-parties, such as the co-defendants Motor Vehicle Assurance ("MVA") and National Auto Protection Corp. ("NAPC"). The Plaintiffs have served discovery on all three entities and are at impasse with Sunpath on two issues relating to their alleged vicarious liability.

## BACKGROUND

Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. The TCPA outlaws telemarketing via unsolicited automated or pre-recorded telephone calls ("robocalls"), finding:

> [R]esidential telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy.
>
> . . . .
>
> Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call[,] . . . is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* § 2(10) and (12). The TCPA contains a private right of action for the sending of these calls and provides that a recipient can sue the violator and seek statutory damages as well as injunctive relief. 47 U.S.C. § 227(b)(3).

The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire to not receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2). A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.* The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2). A person whose number is on the Registry, and who has received more than one telephone call within any twelve-month period by or on behalf of the same entity in violation of the TCPA, can sue the violator and seek statutory damages and injunctive relief. 47 U.S.C. § 227(c)(5).

For more than twenty years, the FCC has explained that its "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In re Rules & Regulations Implementing the TCPA*, CC Docket No. 92-90, Memorandum Opinion and Order, 10 FCC Rcd 12391, 12397 (¶ 13) (1995). On May 9, 2013, the FCC released a Declaratory Ruling holding that a corporation or other entity that contracts out its telephone marketing "may be held vicariously liable under federal common law principles of agency for

violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers."[1] As a result, a focus of discovery in this matter has been Sunpath's potential vicarious liability.

The Plaintiffs served their first set of discovery on Sunpath on October 11, 2018. After an extension, Sunpath provided their responses on December 7, 2018. *See* Exhibit 1.

## ARGUMENT

I.  **Sunpath Should Provide Electronically Stored Information Relating to their Potential Vicarious Liability for the alleged Violations of the TCPA.**

Pursuant to Local Rule 37.1(b)(4), below is the specific request and the objection by Sunpath to the request:

> **Request No. 3**: All contracts[2] and correspondence between the Defendant and any entity that is responsive to Request No. 1 over the course of the putative class period.[3]
>
> **Response**: Subject to and without waiving the following objections, SunPath will produce its written agreements with MVA and NAPC that may be responsive to this Request under separate cover and upon the entry of an appropriate protective order governing the treatment of confidential information in this action. The objections that apply to this Request continue as follows: SunPath objects to this Request as irrelevant, not proportional to the needs of this case, overbroad, and unduly burdensome in that it is not limited in scope. Plaintiffs' Complaint alleges violations of the TCPA pertaining to the calling activity of MVA and NAPC purportedly on behalf of SunPath to cellular telephones. Thus, the Request should be limited to such allegations and the affirmative defenses in response thereto. However, the Request does not seek to so limit its scope. Rather, the Request seeks all "correspondence" between SunPath and MVA, on one hand, and NAPC, on the other hand, over a four-plus year time period without regard to the subject matter of such "correspondence." SunPath incorporates all objections asserted in response to Request No. 1 as though fully set forth herein.

---

[1] *In re Joint Petition Filed by DISH Network, LLC et al. for Declaratory Ruling Concerning the TCPA Rules*, 28 FCC Rcd 6574, 6574 (¶ 1) (2013) ("May 2013 FCC Ruling").

[2] The requested contracts were provided.

[3] The entities the Plaintiff seeks are the co-defendants.

Through this request, the Plaintiffs are seeking the *sine qua non* of discovery in a TCPA vicarious liability case: the content of the day to day interactions between Sunpath and the co-defendants. A factor informing the agency and vicarious-liability analysis in the First Circuit has been whether the work is in the "regular business of the employer." *Lopez v. Massachusetts*, 588 F.3d 69, 85 (1st Cir. 2009). The same analysis has been used in TCPA cases in other circuits. *See e.g. Jones v. Royal Admin. Servs.,* 887 F.3d 443, 450 (9th Cir. 2018). Through these responses the Plaintiffs will learn crucial information: was Sunpath aware that the co-defendants were telemarketing? Had there been prior complaints of telemarketing issues with vendors? How did Sunpath respond to vendors accused of illegal telemarketing? Similarly, Sunpath may also discuss internally the efficacy and risk of the conduct of their telemarketing vendors. These issues are at the heart of Plaintiffs' case.

Specifics regarding the burden this could put on Sunpath were not provided, as required. *See Autoridad De Carreteras Y Transportacion v. Transcore Atl., Inc.,* 319 F.R.D. 422, 427 (D.P.R. 2016) ("When a party resists the production of evidence, it "bears the burden of establishing lack of relevancy or undue burden."). The objecting party "must show specifically how each interrogatory or request for production is not relevant or how each question is overly broad, burdensome or oppressive." *Id.* (quotation marks omitted); s*ee also* Fed. R. Civ. P. 34(b)(2)(B) (providing that objections to a request for document production must "state with specificity the grounds" for the objection, "including the reasons.") However, as the Plaintiffs desire to be efficient and only receive significant documents, they provided search terms to Sunpath and agreed on a search of two custodians in January. However, despite the fact that nearly two months have passed, Sunpath has not provided responsive documents or a hit

report with suggested limitations from these documents. With the discovery deadline approaching, the Plaintiffs cannot afford further delay.

>    II.    **Sunpath Should Identify the Payments and Compensation it Made to the Co-Defendant MVA for Allegedly Illegal Telemarketing.**

Pursuant to Local Rule 37.1(b)(4), below is the specific request and the objection by Sunpath to the request:

>    **Request No. 7:** All documents reflecting payment exchanged between Defendant and any entity that is responsive to Request No. 1 during the putative class period.
>
>    **Response:** SunPath objects to this Request as irrelevant, not proportional to the needs of this case, overbroad, and unduly burdensome in that it is not limited in scope. Plaintiffs' Complaint alleges violations of the TCPA pertaining to the calling activity of MVA and NAPC purportedly on behalf of SunPath to cellular telephones. Thus, the Request should be limited to such allegations and the affirmative defenses in response thereto. However, the Request does not seek to so limit its scope. Rather, the Request seeks documents relating to "payment" exchanged between SunPath and MVA, on the one hand, and NAPC, on the other hand, without regard to the rationale for such supposed payment.

Through this discovery request, the Plaintiffs are attempting to determine how much money one defendant (the putative principal, Sunpath) paid the other defendant (the putative agents, MVA and NAPC) for new business origination via telemarketing. The more of a putative principal's spending goes to a given vendor, the more that vendor's "work is in the regular business of the employer." Moreover, the due diligence that one party to a contract should reasonably do on another depends on the financial scale of the parties' contract. Similarly, it is no accident that, in the context of ratification, the Restatement uses the *expensive* example of a chandelier as an example of something that, upon inquiry notice, a reasonable buyer would investigate. Restatement (Third) of Agency § § 4.06 illus. 3. Conducting more due diligence on one's primary vendors than on one's inconsequential vendors makes sense. Through this

5

discovery request, the Plaintiffs are attempting to learn the amount of total revenue Sunpath paid its vendors because of telemarketing. This information would aid an expert (or a jury) in analyzing the amount of effort Sunpath should have given to investigating its vendor's compliance.

If this dispute seems familiar, it's because the parties have already had it. The parties previously litigated this issue with Sunpath agreeing to provide the information by February 19, 2019. *See* ECF No. 82. However, Sunpath only provided financial documents for one of the two co-defendants, NAPC. As the Plaintiffs request makes clear, they should receive documents relating to both co-defendants, and the information is required for MVA.

## LOCAL RULE 37.1(A) CERTIFICATION

Counsel for the plaintiffs, Anthony Paronich, conferred with Lawren Zann, counsel for Sunpath on this issue on four different occasions attempted to confer five other times, including a phone call that lasted more than 15 minutes on March 14, 2019.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request their motion to compel be granted and Sunpath be ordered to provide all documents within 7 days.

    Plaintiffs by their attorneys

    */s/ Anthony I. Paronich*
    Anthony I. Paronich
    Paronich Law, P.C.
    350 Lincoln Street, Suite 2400
    Hingham, MA 02043
    (508) 221-1510
    anthony@paronichlaw.com

Alex M. Washkowitz
Jeremy Cohen
CW Law Group, P.C.
188 Oaks Road
Framingham, MA 01701
alex@cwlawgrouppc.com

Matthew P. McCue
The Law Office of Matthew P. McCue
1 South Avenue, Suite 3
Natick, MA 01760
(508) 655-1415
mmccue@massattorneys.net

Dated: March 15, 2019

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2019, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system.

*/s/ Anthony I. Paronich*
Anthony I. Paronich