*Heaton et al. v. SunPath, LTD. et al.*
*Case No. 4:17-cv-40169-TSH*
*Response to Requests for Production*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**WORCESTER DIVSION**

| | | |
|---|---|---|
| JOHN HEATON and CHRISTOPHER HORIGAN on behalf of themselves and others similarly situated, | : : : | |
| | : | Case No. 4:17-cv-40169-TSH |
| Plaintiffs, | : : | |
| v. | : : | |
| SUNPATH, LTD., MOTOR VEHICLE ASSURANCE and NATIONAL AUTO PROTECTION CORP. | : : : | |
| | : | |
| Defendants. | : : | |
| _____/ | : | |

**SUNPATH, LTD.'S RESPONSES TO PLAINTIFFS'**
**FIRST SET OF REQUESTS FOR PRODUCTION**

Defendant, SunPath, Ltd. ("Defendant" or "SunPath"), by and through undersigned counsel, hereby serves its responses and objections to the First Set of Requests for Production ("Requests") dated October 11, 2018, and served by Plaintiffs, John Heaton and Christopher Horigan ("Plaintiffs"), and states as follows:

**PRELIMINARY STATEMENT**

The following responses to the Requests are made solely for the purpose of this action. SunPath has not completed its investigation of the facts relating to this case, discovery in this action, or preparation for trial. All of the responses contained herein are based only upon such information and documents that are presently available, and specifically known, to SunPath. Discovery is continuing and will continue as long as permitted by rule, statute, or stipulation of

1

*Heaton et al. v. SunPath, LTD. et al.*
*Case No. 4:17-cv-40169-TSH*
*Response to Requests for Production*

the parties to this action; and the investigation of SunPath's attorneys and agents will continue to and through any hearing, judicial proceedings, or trial in this action. It is anticipated that further discovery, independent investigation, legal research, and analysis will supply additional facts, which may, in turn, clarify and add meaning to known facts as well as establish entirely new factual matters, all of which may lead to substantial additions to changes in and variation from the contentions and responses herein set forth.

The following responses to the Requests are given without prejudice to SunPath's right to produce evidence of any subsequently discovered documents, facts, witnesses, or information that SunPath may later discovery. SunPath accordingly reserves the right to change any responses contained herein as additional documents are located, facts are ascertained, analyses are made, legal research is completed, and contentions are formulated. SunPath reserves the right, prior to or at the time of any hearing, judicial proceeding, or trial to introduce any evidence from any source that hereafter may be discovered and testimony of witnesses whose identities may hereafter be discovered.

The following responses to the Requests are also given without prejudice to SunPath's right to produce any inadvertently omitted evidence and introduce such evidence at trial. Thus, to the extent consistent with the Rules of Civil Procedure, local rules, case law, or court orders, the following responses and objections are provided without prejudice to SunPath's right to produce evidence, documentary or otherwise, of any subsequently discovered facts and/or documents.

Except for facts expressly admitted herein, no incidental or implied admissions are intended hereby. The fact that SunPath has answered any Request should not be taken as an admission that SunPath accepts or admits the existence of any facts set forth or assumed by such

*Heaton et al. v. SunPath, LTD. et al.*
*Case No. 4:17-cv-40169-TSH*
*Response to Requests for Production*

Request, or that such response constitutes admissible evidence. The fact that SunPath has answered part or all of a Request is not intended and shall not be construed to be a waiver by SunPath of all or any part of any objection to any Request.

This Preliminary Statements is incorporated into each Request response set forth below.

## GENERAL OBJECTIONS

The following General Objections are made with respect to the Requests. The failure to refer specifically to a General Objection shall not be construed as a waiver of that General Objection. In addition, the assertion of the same, similar or additional objections in response to a specific Request does not waive any General Objection as set forth more fully below.

A.  SunPath objects to the Definitions set forth in the Requests to the extent the terms defined therein require legal interpretations and/or conclusions.

B.  SunPath objects to the definition of the terms "Defendant" as set forth in Paragraph 4 of the Requests as overbroad and unduly burdensome in that they seek to impose unreasonable discovery obligations on SunPath. To the extent SunPath responds to any of the Requests mentioning SunPath, SunPath will only respond on its own behalf (*i.e.,* not on behalf of its "parent, related, affiliate and subsidiary companies.").

C.  To the extent the definition of the term "Telemarketing Calls" as set forth in Paragraph 14 of the Requests seeks information beyond the calling activity of Motor Vehicle Assurance ("MVA") and National Auto Protection Corp. ("NAPC"), SunPath objects to such definition as irrelevant, not proportional to the needs of this case, overbroad, and unduly burdensome in that it is not limited in scope. Plaintiffs' Complaint alleges violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 pertaining to the calling activity of MVA and NAPC

*Heaton et al. v. SunPath, LTD. et al.*
*Case No. 4:17-cv-40169-TSH*
*Response to Requests for Production*

purportedly on behalf of SunPath. *See, generally,* Complaint [D.E. 1]. Thus, the Requests should be limited to such allegations and the affirmative defenses in response thereto; particularly as Plaintiffs do not aver facts sufficient to establish their standing to prosecute any action beyond the alleged calling activity of MVA and NAPC purportedly on behalf of SunPath.

D. SunPath reserves the right to object on any ground to the use of any response or the subject matter thereof in any further proceedings in this action, including the trial of this action.

E. SunPath incorporates the objections stated above into each and every response to the Requests identified separately below, as though fully set forth therein. The information set forth herein is subject to correction if any errors or omissions shall hereafter be found to exist.

<u>**Responses to Request for Production of Documents**</u>

Subject to and without waiving the foregoing General Objections, which are incorporated by reference as though fully set forth in response herein, SunPath specifically responds to the Requests as follows:

<u>**Request No. 1:**</u>  Documents that identify all third-party vendors that sent Telemarketing Calls during the putative class period that could have generated customers for the Defendant, including the co-defendants.

<u>**Respons**</u><u>e</u>: Subject to and without waiving the following objections, SunPath will produce its written agreements with MVA and NAPC that may be responsive to this Request under separate cover and upon the entry of an appropriate protective order governing the treatment of confidential information in this action.

The objections that apply to this Request continue as follows:

SunPath objects to this Request as argumentative to the extent the Request purports to

*Heaton et al. v. SunPath, LTD. et al.*
*Case No. 4:17-cv-40169-TSH*
*Response to Requests for Production*

assume certain facts or otherwise poses mere allegations as fact.

SunPath objects to this Request to the extent it calls for speculation.

SunPath objects to this Request as irrelevant, not proportional to the needs of this case, overbroad, and unduly burdensome in that it is not limited in scope. Plaintiffs' Complaint alleges violations of the TCPA pertaining to the calling activity of MVA and NAPC purportedly on behalf of SunPath to cellular telephones. Thus, the Request should be limited to such allegations and the affirmative defenses in response thereto. However, the Request does not seek to so limit its scope. Rather, the Request seeks documents identifying any supposed "third-party vendors that sent Telemarketing Calls" over a four-plus year time period that speculatively "could have generated customers for" SunPath without regard to whether Plaintiffs allegedly received, and thus may have standing to prosecute, any such calls.

**Request No. 2:**  Documents that identify any non-monetary benefits given to those third parties during the putative class period, including the co-defendants. This would include, but is not limited to, a line of credit.

**Response:** SunPath objects to the phrases "non-monetary benefits" and "those third parties" as vague and ambiguous which forces SunPath to impermissibly speculate as to the meaning of such phrases.

SunPath objects to this Request as irrelevant, not proportional to the needs of this case, overbroad, and unduly burdensome in that it is not limited in scope. Plaintiffs' Complaint alleges violations of the TCPA pertaining to the calling activity of MVA and NAPC purportedly on behalf of SunPath to cellular telephones. Thus, the Request should be limited to such allegations

*Heaton et al. v. SunPath, LTD. et al.*
*Case No. 4:17-cv-40169-TSH*
*Response to Requests for Production*

and the affirmative defenses in response thereto. However, the Request does not seek to so limit its scope. Rather, the Request seeks documents relating to vague "non-monetary benefits" given to vague "third parties" without regard to the rationale for the provision of such vague "non-monetary benefits."

**Request No. 3:** All contracts and correspondence between the Defendant and any entity that is responsive to Request No. 1 over the course of the putative class period.

**Response:** Subject to and without waiving the following objections, SunPath will produce its written agreements with MVA and NAPC that may be responsive to this Request under separate cover and upon the entry of an appropriate protective order governing the treatment of confidential information in this action.

The objections that apply to this Request continue as follows:

SunPath objects to this Request as irrelevant, not proportional to the needs of this case, overbroad, and unduly burdensome in that it is not limited in scope. Plaintiffs' Complaint alleges violations of the TCPA pertaining to the calling activity of MVA and NAPC purportedly on behalf of SunPath to cellular telephones. Thus, the Request should be limited to such allegations and the affirmative defenses in response thereto. However, the Request does not seek to so limit its scope. Rather, the Request seeks all "correspondence" between SunPath and MVA, on one hand, and NAPC, on the other hand, over a four-plus year time period without regard to the subject matter of such "correspondence."

SunPath incorporates all objections asserted in response to Request No. 1 as though fully set forth herein.

*Heaton et al. v. SunPath, LTD. et al.*
*Case No. 4:17-cv-40169-TSH*
*Response to Requests for Production*

**Request No. 4:**  All documents relating to legal demand letters, informal complaints, formal lawsuits, and all government enforcement actions or investigations sent to Defendant, or to any individual or entity retained by Defendant, in way relating to allegations of unlawful telemarketing during the putative class period.

**Response:** Subject to and without waiving the following objections, SunPath will produce non-privileged documents in its possession that may be responsive to this Request under separate cover and upon the entry of an appropriate protective order governing the treatment of confidential information in this action.

The objections that apply to this Request continue as follows:

SunPath objects to this Request to the extent it calls for speculation.

SunPath objects to this Request to the extent it seeks to intrude upon the attorney-client privilege, common interest/joint defense privilege, and/or attorney work product doctrine.

SunPath objects to this Request as irrelevant, not proportional to the needs of this case, overbroad, and unduly burdensome in that it is not limited in scope. Plaintiffs' Complaint alleges violations of the TCPA pertaining to the calling activity of MVA and NAPC purportedly on behalf of SunPath to cellular telephones. Thus, the Request should be limited to such allegations and the affirmative defenses in response thereto. However, the Request does not seek to so limit its scope. Rather, the Request seeks "[a]ll documents…in [any] way relating to unlawful telemarketing," including such supposed telemarketing by any individual or entity, without regard to whether such "unlawful telemarketing" relates to the TCPA and cellular telephones.

*Heaton et al. v. SunPath, LTD. et al.*
*Case No. 4:17-cv-40169-TSH*
*Response to Requests for Production*

**Request No. 5:**  All documents concerning Defendant's response to, or investigation into, allegations of unlawful and/or unauthorized telemarketing. This request includes, but is not limited to, documents sent to or received from the FTC, FCC, any State Attorney General, or other government entity, relating to allegations of unlawful telemarketing during the putative class period.

**Response:**  Subject to and without waiving the following objections, SunPath will produce non-privileged documents in its possession that may be responsive to this Request under separate cover and upon the entry of an appropriate protective order governing the treatment of confidential information in this action.

The objections that apply to this Request continue as follows:

SunPath objects to this Request to the extent it seeks to intrude upon the attorney-client privilege, common interest/joint defense privilege, and/or attorney work product doctrine.

SunPath objects to this Request as irrelevant, not proportional to the needs of this case, overbroad, and unduly burdensome in that it is not limited in scope. Plaintiffs' Complaint alleges violations of the TCPA pertaining to the calling activity of MVA and NAPC purportedly on behalf of SunPath to cellular telephones. Thus, the Request should be limited to such allegations and the affirmative defenses in response thereto. However, the Request does not seek to so limit its scope. Rather, the Request seeks "[a]ll documents" concerning "allegations of unlawful and/or unauthorized telemarketing," including such supposed telemarketing by any individual or entity, without regard to whether such "unlawful telemarketing" relates to the TCPA and cellular telephones.

*Heaton et al. v. SunPath, LTD. et al.*
*Case No. 4:17-cv-40169-TSH*
*Response to Requests for Production*

**Request No. 6:**    All documents relating to any training relating to telemarketing or the TCPA that occurred amongst Defendant and any entity that is responsive to Request No. 1 during the putative class period.

**Response:**    Subject to and without waiving the following objections, SunPath will produce non-privileged documents in its possession that may be responsive to this Request under separate cover and upon the entry of an appropriate protective order governing the treatment of confidential information in this action.

The objections that apply to this Request continue as follows:

SunPath objects to the term "training" as vague and ambiguous.

SunPath objects to this Request as irrelevant, not proportional to the needs of this case, overbroad, and unduly burdensome in that it is not limited in scope. Plaintiffs' Complaint alleges violations of the TCPA pertaining to the calling activity of MVA and NAPC purportedly on behalf of SunPath to cellular telephones. Thus, the Request should be limited to such allegations and the affirmative defenses in response thereto. However, the Request does not seek to so limit its scope. Rather, the Request seeks "[a]ll documents" concerning "training relating to telemarketing or the TCPA" without regard to whether such "telemarketing or the TCPA" relates to cellular telephones.

SunPath incorporates all objections asserted in response to Request No. 1 as though fully set forth herein.

*Heaton et al. v. SunPath, LTD. et al.*
*Case No. 4:17-cv-40169-TSH*
*Response to Requests for Production*

**Request No. 7:**    All documents reflecting payment exchanged between Defendant and any entity that is responsive to Request No. 1 during the putative class period.

**Response:**    SunPath objects to this Request as irrelevant, not proportional to the needs of this case, overbroad, and unduly burdensome in that it is not limited in scope. Plaintiffs' Complaint alleges violations of the TCPA pertaining to the calling activity of MVA and NAPC purportedly on behalf of SunPath to cellular telephones. Thus, the Request should be limited to such allegations and the affirmative defenses in response thereto. However, the Request does not seek to so limit its scope. Rather, the Request seeks documents relating to "payment" exchanged between SunPath and MVA, on the one hand, and NAPC, on the other hand, without regard to the rationale for such supposed payment.

SunPath incorporates all objections asserted in response to Request No. 1 as though fully set forth herein.

**Request No. 8:**    Produce copies of all discovery responses related to any other lawsuit in which Defendant or any of its affiliates, subsidiaries, successors, or predecessors was a named party at any time in the last five years related to allegations of illegal telemarketing.

**Response:**    SunPath objects to this Request as irrelevant, not proportional to the needs of this case, overbroad, and unduly burdensome in that it is not limited in time and scope. Plaintiffs' Complaint alleges violations of the TCPA pertaining to the calling activity of MVA and NAPC purportedly on behalf of SunPath to cellular telephones. Thus, the Request should be limited to such allegations and the affirmative defenses in response thereto. However, the Request does not seek to so limit its scope. Rather, the Request seeks "[a]ll discovery responses" concerning "allegations of illegal telemarketing" over a five (5) year time period (despite the four (4) year

*Heaton et al. v. SunPath, LTD. et al.*
*Case No. 4:17-cv-40169-TSH*
*Response to Requests for Production*

statute of limitations concerning Plaintiffs' claims) without regard to whether such "telemarketing" relates to the TCPA and cellular telephones.

**Request No. 9:** All documents referred to in, identified in, or that provide part of the basis for your responses to any Interrogatory propounded by the Plaintiffs.

**Response:** SunPath will produce non-privileged documents in its possession that may be responsive to this Request under separate cover and upon the entry of an appropriate protective order governing the treatment of confidential information in this action.

**Request No. 10:** All insurance agreements under which an insurance business may be liable to satisfy all or part of a possible judgment or to indemnify or reimburse for payments made to satisfy the judgment.

**Response:** Subject to and without waiving the following objections, SunPath is not in possession of documents that may be responsive to this Request.

    The objections that apply to this Request continue as follows:

    SunPath objects to this Request to the extent it calls for a legal conclusion.

    SunPath objects to this Request to the extent it calls for speculation.

**Request No. 11:** All documents concerning coverage or reserving rights regarding any insurance agreements described in the preceding request. This request seeks correspondence, internal documents, and documents concerning any actual or threatened insurance-related litigation.

**Response:** Subject to and without waiving the following objections, SunPath is not in possession

*Heaton et al. v. SunPath, LTD. et al.*
*Case No. 4:17-cv-40169-TSH*
*Response to Requests for Production*

of documents that may be responsive to this Request.

The objections that apply to this Request continue as follows:

SunPath objects to the phrase "internal documents" as vague and ambiguous, which forces SunPath to impermissibly speculate as to the meaning of such phrase.


**Request No. 12:** All documents, records, data, recordings and other materials relating to the Plaintiffs.

**Response:**  SunPath is not in possession of non-privileged documents responsive to this Request.


**Request No. 13:** All documents that support any of the affirmative defenses you have asserted. This includes, but is not limited to, any assertion that the recipients of your telephone calls provided their prior express consent to receive such calls.

**Response:**  Subject to and without waiving the following objections, SunPath will produce documents that may be responsive to this Request under separate cover and upon the entry of an appropriate protective order governing the treatment of confidential information in this action.

The objections that apply to this Request continue as follows:

SunPath objects to this Request as premature, overbroad and unduly burdensome in that it seeks "[a]ll documents" relating to twenty-five (25) affirmative defenses asserted by SunPath but fails to describe the items or categories of items sought by the Request with reasonable particularity, which failure is compounded by discovery being in its infancy and the on-going investigation by SunPath into the allegations asserted in Plaintiffs Complaint. SunPath will further supplement its discovery in accordance with the Federal Rules of Civil procedure upon the

*Heaton et al. v. SunPath, LTD. et al.*
*Case No. 4:17-cv-40169-TSH*
*Response to Requests for Production*

conclusion of its investigation and the factual development of the record, where necessary.

SunPath objects to this Request to the extent it calls for a legal conclusion.

**Request No. 14:** Produce all documents evidencing any and all policies related to telemarketing, and a timeline indicating the periods during which each such policy was in effect.   This request specifically includes, but is not limited to, policies related to the following:

        a.      The frequency with which calls to the same number shall occur;

        b.      The duration and content of each call;

        c.      The circumstances or reasons triggering the addition of a person's name or telephone number to the list of those receiving calls;

        d.      When and how calls would be made (e.g., the equipment, computer system, or other program, etc.);

        e.      Compliance with the Telephone Consumer Protection Act, 47 U.S.C. § 227, including, but not limited to the rules, regulations, opinions, advisories, comments, or filings of the Federal Communications Commission that relate to 47 U.S.C. § 227 and 47 C.F.R. § 64.1200(c)(2) & (d);

        f.      Obtaining or verifying prior express consent; and

**Response:**   Subject to and without waiving the following objections, SunPath will produce documents that may be responsive to this Request under separate cover and upon the entry of an appropriate protective order governing the treatment of confidential information in this action.

The objections that apply to this Request continue as follows:

SunPath objects to this Request as argumentative to the extent the Request purports to

*Heaton et al. v. SunPath, LTD. et al.*
*Case No. 4:17-cv-40169-TSH*
*Response to Requests for Production*

assume certain facts or otherwise poses mere allegations as fact.

SunPath objects to this Request as irrelevant, not proportional to the needs of this case, overbroad, and unduly burdensome in that it is not limited in scope. Plaintiffs' Complaint alleges violations of the TCPA pertaining to the calling activity of MVA and NAPC purportedly on behalf of SunPath to cellular telephones. Thus, the Request should be limited to such allegations and the affirmative defenses in response thereto. However, the Request does not seek to so limit its scope. Rather, the Request seeks "[a]ll documents" concerning "all policies regarding telemarketing" without regard to whether such "telemarketing or the TCPA" relates to cellular telephones.

SunPath objects to this Request to the extent it seeks to command SunPath to create non-existent documents.

SunPath objects to this Request to the extent it calls for legal conclusions.

**Request No. 15:** All communications, including emails, text messages, calendar entries, meeting notes, voicemails and Skype logs, internally at Defendant regarding the TCPA since January 1, 2015.

**Response:**    Subject to and without waiving the following objections, SunPath is not in possession of non-privileged documents responsive to this Request.

The objections that apply to this Request continue as follows:

SunPath objects to this Request as unintelligible; particularly it is unclear what the adverb "internally" modifies.

SunPath objects to this Request as irrelevant, not proportional to the needs of this case, overbroad, and unduly burdensome in that it is not limited in scope. Plaintiffs' Complaint alleges

*Heaton et al. v. SunPath, LTD. et al.*
*Case No. 4:17-cv-40169-TSH*
*Response to Requests for Production*

violations of the TCPA pertaining to the calling activity of MVA and NAPC purportedly on behalf of SunPath to cellular telephones. Thus, the Request should be limited to such allegations and the affirmative defenses in response thereto. However, the Request does not seek to so limit its scope. Rather, the Request seeks "[a]ll communications" since January 1, 2015, concerning "the TCPA" without regard to whether such "communications" relate to cellular telephones.

**Request No. 16:** All communications, including emails, text messages, calendar entries, meeting notes, voicemails and Skype logs, between the Defendant and any entity that contacted the Plaintiffs promoting Defendant's goods or services since January 1, 2015.

**Response:**    SunPath objects to this Request to the extent it calls for speculation.

SunPath objects to this Request as irrelevant, not proportional to the needs of this case, overbroad, and unduly burdensome in that it is not limited in scope. Plaintiffs' Complaint alleges violations of the TCPA pertaining to the calling activity of MVA and NAPC purportedly on behalf of SunPath to cellular telephones. Thus, the Request should be limited to such allegations and the affirmative defenses in response thereto. However, the Request does not seek to so limit its scope. Rather, the Request seeks "[a]ll communications" since January 1, 2015, without regard to the subject matter of such communications.

*Heaton et al. v. SunPath, LTD. et al.*
*Case No. 4:17-cv-40169-TSH*
*Response to Requests for Production*

Dated: November 20, 2018                    Respectfully submitted,

                                            SUNPATH, LTD.,

                                            By its attorneys,

                                             */s/ Lawren A. Zann*
                                            Beth-Ann E. Krimsky
                                            (*Pro Hac Vice Admission*)
                                            beth-ann.krimsky@gmlaw.com
                                            Lawren A. Zann
                                            (*Pro Hac Vice Admission*)
                                            lawren.zann@gmlaw.com
                                            GREENSPOON MARDER LLP
                                            200 East Broward Blvd, Suite 1800
                                            Fort Lauderdale, FL 33301
                                            Tel: (954) 527-2427
                                            Fax: (954) 333-4027

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 20, 2018, a true and correct copy of the foregoing

Responses to Plaintiffs' First Set of Requests for Production was served via email on counsel of

record reflected in the below Service List.

                                             */s/ Lawren A. Zann*
                                            Lawren A. Zann

*Heaton et al. v. SunPath, LTD. et al.*
*Case No. 4:17-cv-40169-TSH*
*Response to Requests for Production*

Service List

Edward A. Broderick, Esq.
Anthony I. Paronich, Esq.
BRODERICK &
PARONICH P.C.
99 High Street
Suite 304
Boston, MA 02110
Tel: (508) 221-1510
ted@broderick-law.com
anthony@broderick-law.com
         -and-
Alex M. Washkowitz, Esq.
CW LAW GROUP, P.C.
188 Oaks Road
Framingham, MA 01701
alex@cwlawgrouppc.com
         -and-
Matthew P. McCue, Esq.
THE LAW OFFICE OF
MATTHEW P. MCCUE
1 South Avenue
Suite 3
Natick, MA 01760
Tel: (508) 655-1415
mmcue@massattorneys.net
*Attorneys for Plaintiffs*

Lawrence M. Kraus, Esq.
Olivia B. Luckett, Esq.
FOLEY & LARDNER LLP
111 Huntington Avenue
Suite 2500
Boston, MA 02199
Tel: (617) 342-4000
lkraus@foley.com
oluckett@foley.com
         -and-
Matthew N. Fiorovanti, Esq.
Steven W. Ward, Esq.
GIORDANO, HALLERAN
& CIESLA, P.C.
125 Half Mile Road
Suite 300
Red Bank, NJ 07701
Tel: (732) 741-3900
mfiorovanti@ghclaw.com
sward@ghclaw.com
*Attorneys for Motor Vehicle*
*Assurance*

Gino A. Zonghetti, Esq.
KAUFMAN DOLOWICH
& VOLUCK, LLP
21 Main Street
Suite 251
Hackensack, NJ 07601
Tel: (201) 708-8240
gzonghetti@kdvlaw.com
*Attorneys for National Auto*
*Protection Corp.*