# EXHIBIT 1

1

2

3

4

5

6

7

8

9

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WORCESTER DIVISION

10

11

12

13

14

15

16

17

18

JOHN HEATON and CHRISTOPHER
HORIGAN on behalf of themselves and
others similarly situated,

   Plaintiff,

  vs.

MOTOR VEHICLE ASSURANCE,
NATIONAL AUTO PROTECTION
CORP., and SUNPATH, LTD.

   Defendant.

Case No.  4:17-cv-40169-TSH

 CLASS ACTION

**DECLARATION OF MEAGAN BRUNNER
RE: NOTICE PROCEDURES**

19

20

21

22

23

24

25

26

27

28

1

I, Meagan Brunner declare as follows:

1.      I am employed as a Project Manager by KCC Class Action Services, LLC ("KCC"), located at 462 S 4th Street, Louisville, KY 40202.  KCC was appointed as the Settlement Administrator in this matter and is not a party to this action.  I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

**CAFA Notification**

2.      In compliance with the Class Action Fairness Act ("CAFA"), 28 U.S.C. Section 1715, KCC compiled a CD-ROM containing the following documents: Class Action Complaint, Plaintiff's Motion for Preliminary Approval of a Class Action Settlement and Incorporated Memorandum in Support, Long Form Notice, Postcard Notice, Class Action Settlement Agreement, (Proposed) Preliminary Approval Order, Claim Form, (Proposed) Final Approval Order and Judgment, Class List, and Order and Memorandum of Decision, which accompanied a cover letter (collectively, the "CAFA Notice Packet"). A copy of the cover letter is attached hereto as Exhibit A.

3.      On November 4, 2019, KCC caused 56 CAFA Notice Packets to be mailed via Priority Mail from the U.S. Post Office in Tennessee to the parties listed on Exhibit B, i.e., the U.S. Attorney General, the Attorneys General of each of the 50 States in which Settlement Class Members reside and the District of Columbia, as well as parties of interest to this Action.

4.      As of the date of this declaration, KCC has received no response to the CAFA Notice Packet from any of the other recipients identified in paragraph 3 above.

**Class List**

5.      On or around October 15, 2019, KCC received from Paronich Law, P.C. a list of 8,661 persons identified as the Class List.  The Class List included names, telephone numbers,

2

and mailing addresses. 8,658 of these records contained a telephone number.

6.     On or around October 16, 2019, KCC hired a vendor to conduct a Do Not Call scrub as well as a phone type scrub for all phone numbers on the Class List. Of the 8,661 records, 633 records were either not on the Do Not Call list or were not a Wireless Phone. As a result, the 633 phone numbers were removed from the Class List and were not included in the Post Card Notice mailing.

7.     KCC formatted the Class List for mailing purposes, removed 193 duplicate records, and processed the names and addresses through the National Change of Address Database ("NCOA") to update any addresses on file with the United States Postal Service ("USPS").  A total of 1,096 addresses were found and updated via NCOA.  KCC updated its proprietary database with the Class List. As a result, 7,835 names, addresses and phone numbers remained on the Class List.

**Mailed Notice**

8.     On March 4, 2020, KCC caused the Post Card Notice to be printed and mailed to the 7,835 names and mailing addresses in the Class List.  A true and correct copy of the Post Card Notice is attached hereto as Exhibit C.

9.     Since mailing the Post Card Notices to the Class Members, KCC has received 486 Post Card Notices returned by the USPS with undeliverable addresses.  Through credit bureau and/or other public source databases, KCC performed address searches for these undeliverable Post Card Notices and was able to find updated addresses for 89 Class Members.  KCC promptly re-mailed Post Card Notices to the found new addresses.

**Case Website**

10.     On or about March 4, 2020 KCC established a website www.MVATCPASettlement.com dedicated to this matter to provide information to the Class Members and to answer frequently asked questions.  The website URL was set forth in the Post

Card Notice. Visitors of the website can download copies of the Operative Complaint, Class Action Settlement Agreement, Long Form Notice, Claim Form, the Motion for Preliminary Approval, the Preliminary Approval Order, and other case-related documents.  Visitors can also submit claims online, and, if applicable, upload supporting documentation.  A true and correct copy of the Long Form Notice and Claim Form are attached hereto as Exhibits D and E. As of the date of this declaration, the website has received 4,142 visits.

**Toll-Free Telephone Number**

11.     On or before March 4, 2020, KCC established a toll-free telephone number dedicated to answering telephone inquiries from Class Members.  As of date of this declaration, KCC has received a total of 299 calls, and 100 requests for Class Notice.

**Claim Forms**

12.     The postmark deadline for Class Members to file claims in this matter was May 4, 2020.   To date, KCC has received 754 timely-filed claim forms. Of those claim forms, 442 are valid. KCC expects additional timely-filed claim forms to arrive over the next few weeks. It is possible the total number of valid claims could change slightly depending upon the number of claims received over the next few weeks.

**Request for Exclusion from Class**

13.     The postmark deadline for Class Members to request to be excluded from the class was April 20, 2020.  As of the date of this declaration, KCC has received 2 timely-filed and 1 late requests for exclusion. Copies of the exclusion requests are included in the Exhibit F.

**Objections to the Settlement**

14.     The postmark deadline for Class Members to object to the settlement was April 20, 2020.  As of the date of this declaration, KCC has received 0 objections to the settlement.

4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Preliminary Settlement Award Calculations**

15.     KCC has preliminarily calculated the Class Member settlement awards. These calculations are based on the assumptions that the gross settlement amount is $419,000.00, and from that amount, deductions are made for: (a) attorneys' fees ($139,666.66); (b) attorneys' costs ($4,250.00); (c) named plaintiff awards ($5,000.00); and (d) administration costs ($44,907.95). The remaining amount ($225,175.39; the "Net Settlement Fund") will be allocated pursuant to the terms of the settlement to those Class Members preliminarily approved for payment.  Each Class Member who submits an Approved Claim, shall be entitled to receive an amount equal to the Settlement Class Recovery divided by the total number of Approved Claims, which if all current claims are accepted is estimated to be $298.64 per claim. Based on the current number of Approved Claims, the Settlement Benefit is estimated to be $509.45.  Should the Court-awarded fees or costs differ than those shown above, or if the list of Class Members approved for payment and/or their class data changes, the estimated award allocation calculations will change accordingly.

**Administration Costs**

16.     As of the date of this declaration, KCC estimates its total cost of administration to be $44,907.95.  This amount includes costs to date as well as through the completion of this matter.

I declare under penalty of perjury under the laws of the State of Kentucky that the foregoing is true and correct.  Executed this 26th day of May 2020 at Louisville, KY.

*Meagan Brunner*
Meagan Brunner

5





**FOLEY & LARDNER LLP**

**ATTORNEYS AT LAW**

SUITE 5000
150 EAST GILMAN STREET
MADISON, WI 53703-1482
POST OFFICE BOX 1497
MADISON, WI  53701-1497
608.257.5035 TEL
608.258.4258 FAX
WWW.FOLEY.COM

WRITER'S DIRECT LINE
608.258.4216
mleffel@foley.com EMAIL

CLIENT/MATTER NUMBER
071141-0425

November 4, 2019

<u>Via USPS Priority Mail</u>

**Re:**   *Heaton v. Motor Vehicle Assurance*, No. 4:17-cv-40169-TSH
**Notification Pursuant to 28 U.S.C. § 1715(b)**

Dear Sir or Madam:

Pursuant to Section 3 of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715, you are hereby notified of the proposed settlement of a class action in the above-referenced matter currently pending before the United States District Court for the District of Massachusetts, Worcester Division (the "Court").  This notice is provided on behalf of Defendant Motor Vehicle Assurance ("MVA," also known as the "Settling Defendant"). Other defendants in this action include National Auto Protection Corp. and Sunpath, Ltd. (collectively referred to as the "Non-Settling Defendants").  The Settlement Administrator in this action, Kurtzman Carson Consultants, LLC ("KCC"), is mailing this notice on behalf of the Settling Defendant.

The matter is pending before U.S. District Court Judge Timothy S. Hillman in the United States District Court for the District of Massachusetts, Worcester Division.  The case involves allegations that the Defendants violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, by making nonconsensual calls to cell phone numbers or by calling phone numbers that were on the National Do Not Call Registry for at least 30 days. The calls at issue were made in relation to the sale of a Sunpath, Ltd. product. MVA expressly denies that it did anything wrong or that this case is appropriate for treatment as a class action outside of the settlement context.  MVA generally denies the allegations in the lawsuit.  On October 25, 2019, the parties filed a motion for preliminary approval of a Class Action Settlement Agreement (the "Settlement Agreement").

As required by CAFA, please find enclosed a CD containing certain documents and information in ".pdf" format.  These include the following.

1. **28 U.S.C. § 1715(b)(1) – Complaint and Related Materials:**

   a.   The Class Action Complaint, filed on December 18, 2017

   In addition, copies of all pleadings and any other documents filed in the case can be found on the Internet through the federal government's PACER system at https://ecf.ilnd.uscourts.gov/cgi-bin/DktRpt.pl?296199.  Additional information about the federal government's PACER service may be found at http://pacer.psc.uscourts.gov.

2. **28 U.S.C. § 1715(b)(2) – Notice of Any Scheduled Judicial Hearing:**  As of November 4, 2019, the Court has not yet scheduled a final fairness hearing in this matter.

AUSTIN        DETROIT        MEXICO CITY        SACRAMENTO        TAMPA
BOSTON        HOUSTON        MIAMI              SAN DIEGO          WASHINGTON, D.C.
CHICAGO       JACKSONVILLE   MILWAUKEE          SAN FRANCISCO      BRUSSELS
DALLAS        LOS ANGELES    NEW YORK           SILICON VALLEY     TOKYO
DENVER        MADISON        ORLANDO            TALLAHASSEE

August 5, 2019
Page 2

    a.  Plaintiff's Motion for Preliminary Approval of a Class Action Settlement and Incorporated Memorandum in Support, filed on October 25, 2019

**3. 28 U.S.C. § 1715(b)(3) – Notification to Class Members:**

    a.  The Long Form Notice, Exhibit 2 of the Settlement Agreement; and

    b.  The Postcard Notice, Exhibit 3 of the Settlement Agreement;

**4. 28 U.S.C. § 1715(b)(4) – Class Action Settlement Agreement:**

    a.  The Class Action Settlement Agreement and Release, executed on October 25, 2019;

    b.  The (Proposed) Preliminary Approval Order, Exhibit 1 of the Settlement Agreement;

    c.  The Claim Form, Exhibit 4 of the Settlement Agreement; and

    d.  The (Proposed) Final Approval Order and Judgment, Exhibit 5 of the Settlement Agreement.

**5. 28 U.S.C. § 1715(b)(5) – Any Settlement or Other Agreement:** There are no contemporaneous agreements between Class Counsel and Defendant's Counsel in conjunction with the proposed Settlement other than the enclosed Settlement Agreement.

**6. 28 U.S.C. § 1715(b)(6) – Final Judgment:** At this time, there has been no final judgment or notice of dismissal, and there are no written judicial opinions relating to the Settlement Agreement.

**7. 28 U.S.C. § 1715(b)(7)(A)-(B) – Class Members:** Pursuant to Pursuant to 28 U.S.C. § 1715(b)(7)(A), while MVA is not certain of the state of residence of each class member, based on its records and a reasonable investigation by the Settlement Administrator, a breakdown of the class list by state of residence is included on the enclosed CD.

**8. 28 U.S.C. § 1715(b)(8) – Judicial Opinions Related to the Settlement:** The Order and Memorandum of Decision, granting in part and denying in part executed on September 28, 2018.

The foregoing information is provided based upon what is currently available to date and the status of the proceedings at the time of the submission of this notice.

        Sincerely,

        *Michael Leffel*

        Michael D. Leffel

Enclosure – CD Rom



| Last | First | Company | Address 1 | Address 2 | City | State | Zip |
|---|---|---|---|---|---|---|---|
| Clarkson | Kevin G. | Office of the Alaska Attorney General | 1031 W. 4th Avenue | Suite 200 | Anchorage | AK | 99501-1994 |
| Marshall | Steve | Office of the Alabama Attorney General | 501 Washington Avenue | PO Box 300152 | Montgomery | AL | 36130-0152 |
| Rutledge | Leslie | Arkansas Attorney General Office | 323 Center Street, Suite 200 | | Little Rock | AR | 72201-2610 |
| Brnovich | Mark | Office of the Arizona Attorney General | 2005 N Central Ave | | Phoenix | AZ | 85004 |
| CAFA Coordinator | | Office of the Attorney General | Consumer Law Section | 455 Golden Gate Ave., Suite 11000 | San Francisco | CA | 94102 |
| Weiser | Phil | Office of the Colorado Attorney General | Ralph L. Carr Judicial Building | 1300 Broadway, 10th Floor | Denver | CO | 80203 |
| Tong | William | State of Connecticut Attorney General's Office | 55 Elm Street | | Hartford | CT | 06106 |
| Racine | Karl A. | District of Columbia Attorney General | 441 4th Street, NW, Suite 1100 South | | Washington | DC | 20001 |
| Whitaker | Matthew G. | Attorney General of the United States | United States Department of Justice | 950 Pennsylvania Avenue, NW | Washington | DC | 20530-0001 |
| Jennings | Kathy | Delaware Attorney General | Carvel State Office Building | 820 N. French Street | Wilmington | DE | 19801 |
| Moody | Ashley | Office of the Attorney General of Florida | The Capitol, PL-01 | | Tallahassee | FL | 32399-1050 |
| Carr | Chris | Office of the Georgia Attorney General | 40 Capitol Square, SW | | Atlanta | GA | 30334-1300 |
| Connors | Clare E. | Office of the Hawaii Attorney General | 425 Queen Street | | Honolulu | HI | 96813 |
| Miller | Tom | Iowa Attorney General | Hoover State Office Building | 1305 E. Walnut Street | Des Moines | IA | 50319 |
| Wasden | Lawrence G. | State of Idaho Attorney General's Office | 700 W. Jefferson Street, Suite 210 | P.O. Box 83720 | Boise | ID | 83720-0010 |
| Raoul | Kwame | Illinois Attorney General | James R. Thompson Center | 100 W. Randolph Street | Chicago | IL | 60601 |
| Hill, Jr. | Curtis T. | Indiana Attorney General's Office | Indiana Government Center South | 302 West Washington Street, 5th Floor | Indianapolis | IN | 46204 |
| Schmidt | Derek | Kansas Attorney General | 120 S.W. 10th Ave., 2nd Floor | | Topeka | KS | 66612-1597 |
| Beshear | Andy | Office of the Kentucky Attorney General | 700 Capitol Ave | Capitol Building, Suite 118 | Frankfort | KY | 40601 |
| Landry | Jeff | Office of the Louisiana Attorney General | 1885 N Third St | PO Box 94005 | Baton Rouge | LA | 70804-4095 |
| Healey | Maura | Office of the Attorney General of Massachusetts | 1 Ashburton Place | 20th Floor | Boston | MA | 02108-1518 |
| Frosh | Brian E. | Office of the Maryland Attorney General | 200 St. Paul Place | | Baltimore | MD | 21202-2202 |
| Frey | Aaron M. | Office of the Maine Attorney General | 6 State House Station | | Augusta | ME | 04333 |
| Nessel | Dana | Office of the Michigan Attorney General | G. Mennen Williams Building | 525 W. Ottawa Street, P.O. Box 30212 | Lansing | MI | 48909-0212 |
| Ellison | Keith | Office of Minnesota Attorney General | Attention: CAFA Coordinator | 445 Minnesota Street, Suite 1400 | St. Paul | MN | 55101-2131 |
| Schmitt | Eric | Missouri Attorney General's Office | Supreme Court Building | 207 W. High Street, P.O. Box 899 | Jefferson City | MO | 65101 |
| Hood | Jim | Mississippi Attorney General's Office | 550 High Street | | Jackson | MS | 39201 |
| Fox | Tim | Office of the Montana Attorney General | 215 N. Sanders Street | | Helena | MT | 59601 |
| Stein | Josh | Office of the North Carolina Attorney General | Consumer Protection Division | 9001 Mail Service Center | Raleigh | NC | 27699-9001 |
| Stenehjem | Wayne | North Dakota Office of the Attorney General | State Capitol | 600 E. Boulevard Avenue, Dept. 125 | Bismarck | ND | 58505-0040 |
| Peterson | Doug | Office of the Nebraska Attorney General | 2115 State Capitol | | Lincoln | NE | 68509-8920 |
| MacDonald | Gordon | New Hampshire Attorney General | 33 Capitol Street | | Concord | NH | 03301-6397 |
| Grewal | Gurbir S. | Office of the New Jersey Attorney General | Richard J. Hughes Justice Complex | 25 Market Street, P.O. Box 080 | Trenton | NJ | 08625 |
| Balderas | Hector | Office of the New Mexico Attorney General | 408 Galisteo Street | Villagra Building | Santa Fe | NM | 87501 |
| Ford | Aaron D | Nevada Attorney General | Old Supreme Ct. Bldg. | 100 North Carson Street | Carson City | NV | 89701 |
| James | Letitia | CAFA Coordinator | Office of the Attorney General | The Capitol | Albany | NY | 12224-0341 |
| Yost | Dave | Ohio Attorney General | State Office Tower | 30 E. Broad Street, 14th Floor | Columbus | OH | 43215 |
| Hunter | Mike | Oklahoma Office of the Attorney General | 313 NE 21st Street | | Oklahoma City | OK | 73105 |
| Rosenblum | Ellen F. | Office of the Oregon Attorney General | Justice Building | 1162 Court Street, NE | Salem | OR | 97301 |
| Shapiro | Josh | Pennsylvania Office of the Attorney General | 16th Floor, Strawberry Square | | Harrisburg | PA | 17120 |
| Neronha | Peter F. | Rhode Island Office of the Attorney General | 150 South Main Street | | Providence | RI | 02903 |
| Wilson | Alan | South Carolina Attorney General | Rembert C. Dennis Office Bldg. | P.O. Box 11549 | Columbia | SC | 29211-1549 |
| Ravnsborg | Jason | South Dakota Office of the Attorney General | 1302 East Highway 14, Suite 1 | | Pierre | SD | 57501-8501 |
| Slatery, III | Herbert H. | Tennessee Attorney General and Reporter | P.O. Box 20207 | | Nashville | TN | 37202-0207 |
| Paxton | Ken | Attorney General of Texas | Capitol Station | P.O. Box 12548 | Austin | TX | 78711-2548 |
| Reyes | Sean D. | Utah Office of the Attorney General | State Capitol, Room 236 | 350 N State St, Suite 230 | Salt Lake City | UT | 84114-0810 |
| Herring | Mark R. | Office of the Virginia Attorney General | 202 North Ninth Street | | Richmond | VA | 23219 |
| Donovan | TJ | Office of the Attorney General of Vermont | 109 State Street | | Montpelier | VT | 05609-1001 |
| Ferguson | Bob | Washington State Office of the Attorney General | 1125 Washington St SE | P.O. Box 40100 | Olympia | WA | 98504-0100 |
| Kaul | Josh | Office of the Wisconsin Attorney General | Dept of Justice, State Capitol | P.O. Box 7857 | Madison | WI | 53707-7857 |
| Morrisey | Patrick | West Virginia Attorney General | State Capitol Complex, Bldg. 1 | Room-E-26 | Charleston | WV | 25305 |
| Michael | Peter K. | Office of the Wyoming Attorney General | Kendrick Building | 2320 Capitol Avenue | Cheyenne | WY | 82002 |
| Leffel | Michael | Foley & Lardner LLP | 321 North Clark Street | Suite 2800 | Chicago | IL | 60654-5313 |
| Paronich | Anthony | Paronich Law, P.C. | 350 Lincoln St | Suite 2400 | Hingham | MA | 02043 |
| Waskhowicz | Alex | CW Law Group, P.C. | 188 Oaks Road | | Framingham | MA | 01702 |
| Brunner | Meagan | KCC | 462 S. 4th St. | | Louisville | KY | 40202 |



*Heaton v. Motor Vehicle Assurance*
Settlement Administrator
P.O. Box 43502
Providence, RI 02940-3502

**LEGAL NOTICE**



Postal Service: Please Do Not Mark Barcode

MVA-«Claim8»-«CkDig»

PIN: «PIN»

See other side for details

«FirstNAME» «LastNAME»
«Addr1» «Addr2»
«City», «State»«FProv» «Zip»«FZip»
«FCountry»

**MVA**

**LEGAL NOTICE**

*Heaton v. Motor Vehicle Assurance*

Case No. 4:17-cv-40169 (D. Mass.)

A class action settlement has been proposed in this lawsuit pending in the U.S. District Court for the District of Massachusetts ("Court").

This case claims that Defendant Motor Vehicle Assurance and Defendants National Auto Protection Corp. and Sunpath, Ltd. (the "Non-Settling Defendants") violated the Telephone Consumer Protection Act ("TCPA") by making automated calls to cell phones offering the sale of a Sunpath, Ltd. product or by calling phone numbers that were on the National Do Not Call Registry for at least 30 days. Motor Vehicle Assurance denies that it did anything wrong.

**YOU ARE RECEIVING THIS NOTICE BECAUSE OUR RECORDS INDICATE THAT YOU ARE A CLASS MEMBER ENTITLED TO MONEY UNDER A PROPOSED CLASS ACTION SETTLEMENT.**

**Who Is Included?** If you received this notice, records in the Action indicate that you are a member of the Settlement Class. The "Settlement Class" means all called persons by Motor Vehicle Assurance that were sold a Sunpath, Ltd. product at any time between December 18, 2013 to September 30, 2019 that were called on a cellular telephone or while they were on the National Do Not Call Registry for at least 30 days.

**Summary of the Settlement:** Motor Vehicle Assurance agreed to establish a Settlement Fund of $419,000.00 to pay Class Members who make valid and timely claims; pay any incentive award to the Class Representative; pay attorneys' fees and costs; and pay settlement notice and administration costs. Plaintiff will request up to $5,000.00 as an incentive award, and up to $139,666.66 in attorneys' fees, plus costs (not anticipated to exceed $4,250.00). Any remaining monies from uncashed settlement checks may be redistributed or paid to Public Citizen.

**Can I Get Money from the Settlement?** Yes, all members of the Class who file a valid claim will receive a *pro rata* Cash Award. Class Members who received calls on more than one phone number may receive one Cash Award per phone number called. Class Counsel estimate that the amount of the Cash Award may be about $200.00.

**Do I Have a Lawyer?** Yes. The Court appointed Anthony I. Paronich of Paronich Law, P.C. and Alex Washkowitz of CW Law Group, P.C. as Class Counsel. The lawyers will be paid from the Settlement Fund. You may enter an appearance in the case through your own attorney if you so desire.

**What Should I Do?** Class Members who are mailed this Notice have three options: (1) **Submit a Claim.** To file a claim, you must file online at www.MVATCPASettlement.com or request and return a completed and signed Claim Form to *Heaton v. Motor Vehicle Assurance* Settlement Administrator by May 4, 2020. All Class Members who make valid and timely claims will be mailed a Cash Award by check from the Settlement Fund. You will be legally bound by all orders and judgments of the Court, and you will not be able to sue or continue to sue Motor Vehicle Assurance about the legal claims resolved by this Settlement. This includes giving up the right to sue separately for between $500.00 and $1,500.00 per violation plus injunctive relief under the TCPA. (2) Remain a Class Member but **Object to the Settlement**. Instructions for objecting are available at www.MVATCPASettlement.com. Objections and supporting documents must be sent to the Settlement Administrator by April 20, 2020. You may pay for and be represented by a lawyer who may send the objection for you. (3) **Exclude yourself from the Settlement Class** by mailing a request to the Settlement Administrator. You must state in writing your name, address, telephone number, and that you want to be excluded from the Settlement Class in *Heaton v. Motor Vehicle Assurance*, Case No. 4:17-cv-40169 (D. Mass.). Exclusions must be signed and postmarked no later than April 20, 2020.

**Scheduled Hearing:** The judge scheduled a hearing for 3:00 p.m. on June 9, 2020, in Courtroom 1 of the Donohue Federal Building, 595 Main Street, Worcester, Massachusetts 01608, regarding whether to give final approval to the Settlement, including the amounts of any attorneys' fees, costs, and Class Representative incentive award. The hearing may be changed without notice. It is not necessary for you to appear at this hearing, but you may attend at your own expense.

**This is a summary notice only; for more information: Visit: www.MVATCPASettlement.com; Call: 1-866-507-8029; or write to: *Heaton v. Motor Vehicle Assurance* Settlement Administrator, P.O. Box 43502, Providence, RI 02940-3502.**



**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WORCESTER DIVISION**

*A federal court authorized this notice.  This is not a solicitation from a lawyer.*

- A settlement will provide $419,000.00 to pay Cash Awards to all called persons by Motor Vehicle Assurance that were sold a Sunpath, Ltd. product at any time between December 18, 2013 to September 30, 2019 that were called on a cellular telephone or while they were on the National Do Not Call Registry for at least 30 days. We project that individual Cash Awards will total about $200.00.

- The Settlement resolves a lawsuit claiming that Defendant Motor Vehicle Assurance  and Defendants National Auto Protection Corp. and Sunpath, Ltd. (the "Non-Settling Defendants") violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, by making nonconsensual calls to cell phones offering the sale of a Sunpath, Ltd. product or by calling phone numbers that were on the National Do Not Call Registry for at least 30 days.

- **Your legal rights are affected whether you act or don't act.  Read this notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **OBTAIN PAYMENT** | Class Members must submit a claim for payment by May 4, 2020. Otherwise, you will give up rights without an opportunity for a payment. |
| **EXCLUDE YOURSELF** | If you ask to be excluded, you will get no payment. This allows you to pursue your own lawsuit at your expense against Motor Vehicle Assurance and other Released Parties about the legal claims in this case. |
| **OBJECT** | Write to the Court about why you do not like the Settlement. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the Settlement. |

- These rights and options – **and the deadlines to exercise them** – are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made if the Court approves the Settlement and after any appeals are resolved. Please be patient.

1

**WHAT THIS NOTICE CONTAINS**

**BASIC INFORMATION** ................................................................................................................**PAGE 3**

1. Why did I get this notice?

2. What is this lawsuit about?

3. Why is this a class action?

4. Why is there a Settlement?

**WHO IS IN THE SETTLEMENT** ..................................................................................................**PAGE 3**

5. How do I know if I am part of the Settlement?

**THE SETTLEMENT BENEFITS – WHAT YOU GET** ................................................................**PAGE 3**

6. What does the Settlement provide?

7. How much will my payment be?

**HOW YOU GET A PAYMENT** ......................................................................................................**PAGE 4**

8. How do I obtain or apply for a payment?

9. When would I receive my payment?

10. What am I giving up to receive a payment or stay in the Class?

**EXCLUDING YOURSELF FROM THE SETTLEMENT** ..............................................................**PAGE 4**

11. How do I exclude myself from the Settlement?

12. If I don't exclude myself, can I sue Motor Vehicle Assurance for the same thing later?

13. If I exclude myself, can I get money from this Settlement?

**THE LAWYERS REPRESENTING YOU** ....................................................................................**PAGE 5**

14. Do I have a lawyer in this case?

15. How will the lawyers and Class Representative be paid?

**OBJECTING TO THE SETTLEMENT** ........................................................................................**PAGE 5**

16. How do I tell the Court that I do not like the Settlement?

17. What is the difference between objecting and excluding/opting out?

**THE COURT'S FINAL APPROVAL HEARING** ........................................................................**PAGE 6**

18. When and where will the Court decide whether to approve the Settlement?

19. May I speak at the hearing?

**IF YOU DO NOTHING** ................................................................................................................**PAGE 6**

20. What happens if I do nothing at all?

**GETTING MORE INFORMATION** ............................................................................................**PAGE 6**

21. How do I get more information?

## BASIC INFORMATION

| 1. | Why did I get this notice? |
|---|---|

If you received a notice in the mail, it is because records in the case indicate that you are a member of the proposed Settlement Class in this Action. Generally, this means that Motor Vehicle Assurance called your phone number to sell a Sunpath, Ltd. product at any time between December 18, 2013 to September 30, 2019 on your cellular telephone or while you were on the National Do Not Call Registry for at least 30 days. If you are a member of the Settlement Class, then your rights will be affected under the proposed Settlement.

| 2. | What is this lawsuit about? |
|---|---|

Plaintiff John Heaton, on behalf of himself and a class of purportedly similarly situated people, alleges that Defendant Motor Vehicle Assurance and Defendants National Auto Protection Corp. and Sunpath, Ltd. (the "Non-Settling Defendants") violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, by making automated calls to cell phones offering the sale of a Sunpath, Ltd. product or by calling phone numbers that were on the National Do Not Call Registry for at least 30 days.

Motor Vehicle Assurance expressly denies that it did anything wrong or that this case is appropriate for treatment as a class action outside of the settlement context. Motor Vehicle Assurance generally denies the allegations in the lawsuit.

| 3. | Why is this a class action? |
|---|---|

In a class action, one or more people called Class Representatives (in this case, Plaintiff Heaton) sue on behalf of people who have similar claims.  All these people are a class or class members.  One court resolves the issues for all class members, except for those who exclude themselves from the class.  Judge Timothy S. Hillman is in charge of this class action.

| 4. | Why is there a Settlement? |
|---|---|

The Court did not decide in favor of either side; both parties agreed to this Settlement instead of going to trial. That way, they avoid the significant cost of a trial, and the people affected will get compensation. The Class Representative and the attorneys think the Settlement is best for all Settlement Class Members.

## WHO IS IN THE SETTLEMENT

| 5. | How do I know if I am part of the Settlement? |
|---|---|

The Settlement provides certain relief for the Settlement Class. The "Settlement Class" means the persons on the Class List. For self-identification purposes, the Class List may be described as:

> Plaintiff and all called persons by Settling Defendant (or on its behalf) that were sold a Sunpath, Ltd. product at any time between December 18, 2013 to September 30, 2019 that were called on a cellular telephone or while they were on the National Do Not Call Registry for at least 30 days.

There are 7,835 unique phone numbers on the Class List.

If you received a notice in the mail, records indicate that you are a member of this Settlement Class. If you have questions about whether you are a Settlement Class Member, or are still not sure whether you are included, you can call 1-866-507-8029 or visit www.MVATCPASettlement.com for more information.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

| 6. | What does the Settlement provide? |
|---|---|

Motor Vehicle Assurance agreed to create a Settlement Fund of $419,000.00. This amount will be divided among all Settlement Class Members who send in a valid Claim Form, after the costs of notice and administration, attorneys' fees and costs/expenses, and any incentive award to the Class Representative have been deducted.

| 7. | How much will my payment be? |
|---|---|

If the Settlement is approved as requested, it is estimated that each Class Member may receive approximately $200.00, but that amount could go up or down substantially based upon the number of valid claims and the Court's decision as to the monetary terms of the Settlement.

## HOW YOU GET A PAYMENT

| 8. | How do I obtain or apply for a payment? |
| --- | --- |

To obtain payment, you must send in a valid Claim Form to the Settlement Administrator, who will verify your claim. You can obtain a Claim Form online at www.MVATCPASettlement.com or by calling the Settlement Administrator at 1-866-507-8029 and requesting that a Claim Form be mailed to you. Read the instructions carefully, fill out the form, include all the information the form asks for, sign it, and mail it postmarked no later than **May 4, 2020**. Alternatively, you may submit a claim online at www.MVATCPASettlement.com, so long as it is submitted no later than **May 4, 2020**.

| 9. | When would I receive my payment? |
| --- | --- |

Judge Hillman will hold a hearing on **June 9, 2020**, to decide whether to approve the Settlement.  Judge Hillman may approve the Settlement at the hearing or he may take some additional time to reach that decision, which may then be subject to an appeal to a higher court. It is always uncertain when such appeals can be resolved, and resolving them can take time, perhaps more than a year; hopefully much sooner.  Please be patient.

| 10. | What am I giving up to receive a payment or stay in the Class? |
| --- | --- |

Unless you exclude yourself, you are staying in the Settlement Class. If you stay in the Class, then you cannot sue, continue to sue, or be part of any other lawsuit against Motor Vehicle Assurance, or any other Released Parties for similar claims that happened in the past. The exact release is available in the Settlement Agreement, which is posted at www.MVATCPASettlement.com.

However, the Settlement's release generally provides that, upon the Effective Date, Plaintiff and the Settlement Class Members who have not opted out or been otherwise excluded from the Settlement Class, and those claiming through them, shall be deemed to have fully and finally released and discharged the Released Parties from any and all liability for the Released Claims.

- "Released Parties" means Motor Vehicle Assurance, including its present and former officers, directors, stockholders, parent companies, subsidiary companies, affiliates, insurers, partners, employees, adjusters, agents, executors, administrators, predecessors, successors, and assigns.

- "Released Claims" means all claims, counterclaims, lawsuits, set-offs, costs, losses, rights, demands, charges, complaints, actions, causes of action, obligations, or liabilities of any and every kind, including without limitation (i) those known or unknown or capable or not capable of being known; (ii) claims arising under or relating to the TCPA or any similar state or federal law; (iii) statutory or common law claims predicated upon any alleged violations of the TCPA or any similar state or federal law; and (iv) statutory or common law claims predicated upon and/or arising from the use by any or all of the Released Parties or by any vendor retained by the Released Parties of any "automatic telephone dialing system," and/or "artificial  or prerecorded voice".

It also means that all of the Court's orders will apply to you and legally bind you.  This is true whether or not you submit a Claim Form, although you won't get any money unless you submit a Claim Form. If you were to file your own lawsuit with regard to the claims at issue, you could potentially recover between $500.00 and $1,500.00 per violation plus injunctive relief under the Telephone Consumer Protection Act. However, in that case, Motor Vehicle Assurance would assert any and all defenses available to it in such a suit.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a payment from this Settlement, and you want to keep the right to sue or continue to sue Motor Vehicle Assurance on your own about the legal issues in this case, then you must take steps to exclude yourself from the Settlement – also referred to as opting out of the Class.

| 11. | How do I exclude myself from the Settlement? |
| --- | --- |

To exclude yourself from the Settlement, you must send a letter that states you want to be excluded from the Settlement Class in *Heaton v. Motor Vehicle Assurance,* Case No. 4:17-cv-40169 (D. Mass.). Be sure to include your full name, address, and telephone number. The exclusion request must also include your signature or, in the case of a person in the Settlement Class who is deceased or incapacitated, the signature of the legally authorized representative of such person. **You must mail your exclusion request postmarked no later than April 20, 2020,** to:

Heaton v. Motor Vehicle Assurance
Settlement Administrator
P.O. Box 43502
Providence, RI 02940-3502

If you ask to be excluded, you will not get any Cash Award, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit. You may be able to sue (or continue to sue) Motor Vehicle Assurance and any other Released Parties in the future.

| **12.** | **If I don't exclude myself, can I sue Motor Vehicle Assurance for the same thing later?** |
|---|---|

No. Unless you exclude yourself, you give up any right to sue Motor Vehicle Assurance and related companies and other Released Parties for the claims that this Settlement resolves. If you have a pending lawsuit that may relate to the claims being released as part of this class settlement, you should speak to your lawyer in that case immediately. You must exclude yourself from this Class to continue your own lawsuit. Remember, the exclusion deadline is **April 20, 2020**.

| **13.** | **If I exclude myself, can I get money from this Settlement?** |
|---|---|

No. If you exclude yourself, you cannot receive money from this Settlement. But, if you exclude yourself from this Settlement, you may sue, continue to sue, or be part of a different lawsuit against Motor Vehicle Assurance and other Released Parties based on the legal issues in this case.

## THE LAWYERS REPRESENTING YOU

| **14.** | **Do I have a lawyer in this case?** |
|---|---|

The Court appointed Anthony I. Paronich of Paronich Law, P.C. and Alex Washkowitz of CW Law Group, P.C., to represent you and other Settlement Class Members. These lawyers are called Class Counsel. You will not be charged for these lawyers; they will be compensated as part of the Settlement. If you want to be represented by your own lawyer, you may hire one at your own expense.

| **15.** | **How will the lawyers and Class Representative be paid?** |
|---|---|

Class Counsel will ask the Court to approve payment of up to one-third of the total Settlement Fund, or $139,666.66, in attorneys' fees for investigating the facts, litigating the case, and negotiating the Settlement. Class Counsel will also seek their out-of-pocket costs expended in association with this matter (estimated to be no more than $4,250.00), and an award of $5,000.00 to Plaintiff Heaton for his services as Class Representative. The Court may award less than these amounts. Motor Vehicle Assurance has not taken any position as to these anticipated award requests. These payments, along with the costs of administering the Settlement, will be deducted from the Settlement Fund.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it.

| **16.** | **How do I tell the Court that I do not like the Settlement?** |
|---|---|

If you are a Settlement Class Member, you can object to the Settlement if you do not like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter to the Settlement Administrator, saying that you object to the proposed Settlement in *Heaton v. Motor Vehicle Assurance,* Case No. 4:17-cv-40169 (D. Mass.). You must include each of the following: (1) your full name, address, telephone number, and the telephone number(s) called by or on behalf of Motor Vehicle Assurance (if different); (2) whether the objection applies only to you, to a specific subset of the Class, or to the entire Class; (3) the specific grounds for the objection, and a detailed statement of the factual and legal basis for such objections; (4) the identities and contact information for any counsel representing you in relation to the case or objection; (5) the identity of all witnesses, including the witness's name and address, and a summary of such witness's proposed testimony, whom you may call to testify at the Final Approval Hearing, along with the description and production of copies of all evidence you may offer at the Final Approval Hearing; and (6) whether you and/or your attorney intend to appear at the Final Approval Hearing. The objection must also include your actual written signature. **Your objection to the Settlement must be postmarked no later than April 20, 2020.**

The objection must be sent to:

By Mail:

Heaton v. Motor Vehicle Assurance
Settlement Administrator
P.O. Box 43502
Providence, RI 02940-3502

Any attorney of an objecting Settlement Class Member who intends to appear at the Final Approval Hearing must enter a written Notice of Appearance of Counsel with the Clerk of the Court no later than **April 20, 2020**, and shall include the full caption and case number of each previous class action case in which such counsel has represented an objector.

| 17. | What is the difference between objecting and excluding/opting out? |
|---|---|

Objecting is simply telling the Court that you do not like something about the Settlement.  You can only object if you stay in the Settlement Class.  Excluding yourself or "opting out" is telling the Court that you do not want to be part of the Settlement Class.  If you exclude yourself, you have no basis to object because the case no longer affects you.

### THE COURT'S FINAL APPROVAL HEARING

| 18. | When and where will the Court decide whether to approve the Settlement? |
|---|---|

The Court will hold a hearing to decide whether to approve the Settlement.  This Final Approval Hearing will be held at 3:00 p.m., on June 9, 2020, at Courtroom 1 of the Donohue Federal Building, 595 Main Street, Worcester, Massachusetts 01608. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate, and whether to award attorneys' fees, costs/expenses, and incentive award as described above, and in what amounts.  If there are objections, the Court will consider them.

At or after the hearing, the Court will decide whether to approve the Settlement. We do not know how long it will take the Court to issue its decision.  It is not necessary for you to appear at this hearing, but you may attend at your own expense. To keep track of what is happening in the Settlement proceedings, please regularly visit www.MVATCPASettlement.com. Court documents and updates will be posted at that site.

| 19. | May I speak at the hearing? |
|---|---|

You may ask the Court for permission to speak at the Final Approval Hearing.  To do so, you must send a letter to the Settlement Administrator saying that you object to the proposed Settlement and that you intend to appear (either on your own behalf or through counsel) at the Final Approval Hearing in *Heaton v. Motor Vehicle Assurance,* Case No. 4:17-cv-40169 (D. Mass.). Be sure to include your full name, address, telephone number, the reasons you object to the Settlement and, if applicable, the full name, address and telephone number of your counsel. Objection requirements are more fully described in Paragraph 16 above. **Your letter must be postmarked no later than April 20, 2020.** You cannot speak at the hearing if you exclude yourself.

### IF YOU DO NOTHING

| 20. | What happens if I do nothing at all? |
|---|---|

If you do nothing, then you will not receive a payment. To receive a payment, you must submit a Claim Form.  Unless you exclude yourself, you cannot start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Motor Vehicle Assurance about the legal issues in this case, ever again.

### GETTING MORE INFORMATION

| 21. | How do I get more information? |
|---|---|

This notice summarizes the proposed Settlement.  More details are available in the Settlement Agreement.  You can get a copy of the Settlement Agreement by writing to Heaton v. Motor Vehicle Assurance Settlement Administrator, P.O. Box 43502, Providence, RI 02940-3502, or by visiting www.MVATCPASettlement.com.

You can call 1-866-507-8029, toll-free; write to Heaton v. Motor Vehicle Assurance Settlement Administrator, P.O. Box 43502, Providence, RI 02940-3502; or visit www.MVATCPASettlement.com, where you will find answers to common questions about the Settlement, a Claim Form, plus other information to help you determine whether you are a Settlement Class Member and whether you are eligible for a payment.



*Heaton v. Motor Vehicle Assurance*
*S*ettlement Administrator
P.O. Box 43502
Providence, RI 02940-3502

## MVA



*HEATON V. MOTOR VEHICLE ASSURANCE*

UNITED STATES DISTRICT COURT FOR THE DISTRICT
OF MASSACHUSETTS WORCESTER DIVISION

Case No. 4:17-cv-40169

**Must Be Postmarked No Later Than
May 4, 2020**

# Claim Form

**CLAIMANT INFORMATION**

First Name      M.I.      Last Name

Primary Address

Primary Address Continued

City      State      Zip Code

Foreign Province      Foreign Postal Code      Foreign Country Name/Abbreviation

**APPLICABLE PHONE NUMBER**

Phone Number to Which You Received a Call      Current Phone Number

Current Email Address (if available)

(Your phone number must be listed in our records as one of the phone numbers that was called as part of Motor Vehicle Assurance's calls that resulted in the sale of a Sunpath, Ltd. product and included as part of the Settlement. If you were called on more than one phone number, or are not certain which of your phone numbers was called, you may submit each of them separately.)

**CERTIFICATION**

By signing below, I certify that I was the subscriber or user of the above phone number when Motor Vehicle Assurance made at least one unattended message call to it that offered the sale of a Sunpath, Ltd. product, and that at the time, either: (1) the telephone number was assigned to a cellular telephone service, or (2) I was on the National Do Not Call Registry for at least 30 days.

Signature: _____      Dated (mm/dd/yyyy): _____

Print Name: _____

**Please submit your completed Claim Form, postmarked no later than May 4, 2020 to:**
**Heaton v. Motor Vehicle Assurance Settlement Administrator, P.O. Box 43502, Providence, RI 02940-3502**

| FOR CLAIMS PROCESSING ONLY | OB | | CB | | DOC | RED |
|---|---|---|---|---|---|---|
| | | | | | LC | A |
| | | | | | REV | B |

1



Heaton V Motor Vehicle,
Assurance Settlement Administrator

Please exclude me from the
Settlement class 4: 17CV40169

Priscilla Coker — signature
780 Seakist Rd
Pt Lovaca Tep 77979

phone. 361-553-7176

Thank you

Judicial Watch

Ms. Priscilla Coker
780 Seakist Rd.
Port Lavaca, TX 77979-5156

CORPUS CHRISTI
TX 783
14 MAR 2020 PM 1 L

MAR 18 2020
RECEIVED
By

Newton-Vington Vehicle
Insurance Settlement Admin,
PO Box 43502
Providence, RI 02940-3562

FOREVER USA

To Whom It May Concern;   4/18/2020

My name is Therman R. Cloyd
750 HiLine Drive
Buchanan Dam TX,
78609
1 - 304 - 887 - 9150

I wished to be excluded

from the settlement Class in

Heaton  v.  Motor Vehicle Assurance

Case No. 4:17-cv-40169 (D. Mass.)

Respectfully,

Therman Cloyd

Settlement Administrator
P.O. Box 43502
Providence, RI 02940-3502

FIRST-CLASS
MAIL
U.S. POSTAGE
**PAID**
COMPUTERSHARE

# LEGAL NOTICE



Postal Service: Please Do Not Mark Barcode

MVA-10003587-6

PIN: 649912

See other side for details

THERMAN CLOUGH
750 HI LINE DR
BUCHANAN DAM, TX 78609-2510

# MVA



AAAMSP1   78609

456499_DOM/003529/003529/

## LEGAL NOTICE

*Heaton v. Motor Vehicle Assurance;*
*Case No. 4:17-cv-40169 (D. Mass.)*

A class action settlement has been proposed in this lawsuit pending in the U.S. District Court for the District of Massachusetts ("Court").

This case claims that Defendant Motor Vehicle Assurance and Defendants National Auto Protection Corp. and Sunpath, Ltd. (the "Non-Settling Defendants") violated the Telephone Consumer Protection Act ("TCPA") by making automated calls to cell phones offering the sale of a Sunpath, Ltd. product or by calling phone numbers that were on the National Do Not Call Registry for at least 30 days. Motor Vehicle Assurance denies that it did anything wrong.

**YOU ARE RECEIVING THIS NOTICE BECAUSE OUR RECORDS INDICATE THAT YOU ARE A CLASS MEMBER ENTITLED TO MONEY UNDER A PROPOSED CLASS ACTION SETTLEMENT.**

**Who Is Included?** If you received this notice, records in the Action indicate that you are a member of the Settlement Class. The "Settlement Class" means all called persons by Motor Vehicle Assurance that were sold a Sunpath, Ltd. product at any time between December 18, 2013 to September 30, 2019 that were called on a cellular telephone or while they were on the National Do Not Call Registry for at least 30 days.

**Summary of the Settlement:** Motor Vehicle Assurance agreed to establish a Settlement Fund of $419,000.00 to pay Class Members who make valid and timely claims; pay any incentive award to the Class Representative; pay attorneys' fees and costs, and pay settlement notice and administration costs. Plaintiff will request up to $5,000.00 as an incentive award, **and** up to $139,666.66 in attorneys' fees, plus costs (not anticipated to exceed $4,250.00). Any remaining monies from uncashed settlement checks may be redistributed or paid to Public Citizen.

**Can I Get Money from the Settlement?** Yes, all members of the Class who file a valid claim will receive a *pro rata* Cash Award. Class Members who received calls on more than one phone number may receive one Cash Award per phone number called. Class Counsel estimate that the amount of the Cash Award may be about $200.00.

**Do I Have a Lawyer?** Yes. The Court appointed Anthony I. Paronich of Paronich Law, P.C. and Alex Washkowitz of CW Law Group, P.C. as Class Counsel. The lawyers will be paid from the Settlement Fund. You may enter an appearance in the case through your own attorney if you so desire.

**What Should I Do?** Class Members who are mailed this Notice have three options: (1) Submit a Claim. To file a claim, you must file online at www.MVATCPASettlement.com or request and return a completed and signed Claim Form to *Heaton v. Motor Vehicle Assurance* Settlement Administrator by May 4, 2020. All Class Members who make valid and timely claims will be mailed a Cash Award by check from the Settlement Fund. You will be legally bound by all orders and judgments of the Court, and you will not be able to sue or continue to sue Motor Vehicle Assurance about the legal claims resolved by this Settlement. This includes giving up the right to sue separately for between $500.00 and $1,500.00 per violation plus injunctive relief under the TCPA. (2) Remain a Class Member but Object to the Settlement. Instructions for objecting are available at www.MVATCPASettlement.com. Objections and supporting documents must be sent to the Settlement Administrator by April 20, 2020. You may pay for and be represented by a lawyer who may send the objection for you. (3) Exclude yourself from the Settlement Class by mailing a request to the Settlement Administrator. You must state in writing your name, address, telephone number, and that you want to be excluded from the Settlement Class in *Heaton v. Motor Vehicle Assurance*, Case No. 4:17-cv-40169 (D. Mass.). Exclusions must be signed and postmarked no later than April 20, 2020.

**Scheduled Hearing:** The judge scheduled a hearing for 3:00 p.m. on June 9, 2020, in Courtroom 1 of the Donohue Federal Building, 595 Main Street, Worcester, Massachusetts 01608, regarding whether to give final approval to the Settlement, including the amounts of any attorneys' fees, costs, and Class Representative incentive award. The hearing may be changed without notice. It is not necessary for you to appear at this hearing, but you may attend at your own expense.

This is a summary notice only; for more information: Visit: www.MVATCPASettlement.com; Call: 1-866-507-8029; or write to: *Heaton v. Motor Vehicle Assurance* Settlement Administrator, P.O. Box 43502, Providence, RI 02940-3502.

C3043A

Norman R. Clough
150 Hi Line Drive
Buchanan Dam, TX. 78609

MVA

Heaton v. Motor Vehicle Assurance
Settlement Administrator,
P.O. BOX 43502
Providence, RI

Received
APR 23 2020

AUSTIN TX 787
RIO GRANDE DISTRICT
20 APR 2020 PM 2 L

Re: *Heaton v. Motor Vehicle Assurance LTD.*, Case No. 4:17-cv-40169-TSH

May 4th, 2020

From: Brandon Arflin
      207 Northridge Dr.
      Anderson, South Carolina 29621

I am writing to request to be excluded from the class in the case listed above, Heaton v. Motor Vehicle Assurance. I never received a mailed notice for this case. I only became aware of the deadlines late evening Friday May 1st, 2020 when by chance I noticed a link to the settlement website as I was looking into an unrelated matter. I am not certain if I am included in this class, however to err on the side of caution I am making this request. Should there be anything else I need to do in order to secure my exclusion from this class, please contact me via email at warflin@gmail.com, or via phone at 864-617-2035.

I am the subscriber and/or primary user of the following 2 phone numbers that should be included in this request:
-864-332-0115
-864-617-2035

Sincerely,

Brandon Arflin

rflin
Northridge Dr.
rson, SC 29621

OS MAY 2
PM 3 L   FOREVER USA
FOREVER USA

Heaton v. Motor Vehicle Assurance
Settlement Administrator
RECEIVED MAI P.O. Box 43502
Providence, RI 02940-3501

02940-350202